## HUTCHINSON v. LOWNDES COUNTY.

HOLDEN, J. 1. (a) Where application was made for an injunction against a county to prevent it from taking the land of the applicant for use as a public road, an answer filed in the name of the county, signed by its counsel, and verified by the affidavit of one of the county commissioners of roads and revenues, having jurisdiction over the public roads of such county, was not subject to the objection that it was not ·the answer of the defendant in such case, on the ground that the answer and affidavit thereto did not show that such commissioner had authority in making such affidavit to act for the other commissioners, or for the county.

(b) Such answer, and the affidavit thereto annexed, were admissible in evidence upon the hearing for an interlocutory injunction under such application.

2. "As the landowner's remedy at law was ample, it was not erroneous to refuse to enjoin the county commissioners from continuing a proceeding to establish a public road pursuant to the Political Code, §§ 520-522, in advance of the hearing provided for in § 521." *Atlanta & West Pt. R. Co.* v. *Redwine*, 123 *Ga.* 736 (51 S. E. 724).

3. The provisions embraced in the Political Code, §§ 520-525, inclusive, were not repealed by the act of 1894, embodied in the Civil Code, §§ 4657, et seq., or by the act of 1900 (Acts 1900, p. 66).

4. Under the evidence, there was no abuse of discretion in refusing an injunction at the interlocutory hearing.

*Judgment affirmed. All the Justices concur.*

Argued July 6,—Decided December 1, 1908.

Petition for injunction. Before Judge Mitchell. Lowndes superior court. May 29, 1908.

*C. S. Morgan*, for plaintiff.

*Denmark & Griffin*, for defendant.