## BROWNE *et al.*, commissioners, *v.* BENSON *et al.*

1. The court did not err in overruling the demurrer to the petition.
2. "All public roads laid out by an order of the board of roads and revenue, or by the ordinary, pursuant to the Political Code, § 520 [Civil Code of 1910, § 640] et seq., in the absence of anything indicating a lesser width, will be presumed prima facie to be at least thirty feet in width." *Buchanan* v. *James*, 130 *Ga.* 546 (61 S. E. 125). It does not appear from the record how this road was "laid out" or established, nor what was its width when "laid out," but we proceed on the theory that it was "laid out" pursuant to section 640 et seq. See also § 630, which provides for clearing the road of trees, stumps, etc., "and of such limbs of trees as may incommode horsemen or carriages."
3. The act of 1920 (Ga. Laws 1920, p. 234), which provides that all roads that are at the time of the passage of the act or may hereafter be used as post-roads "shall be deemed public roads," and providing that the county commissioners, or the ordinary, as the case may be, shall construct and maintain said roads in a reasonably passable condition, as other roads of the county are maintained, properly construed, does not prohibit the county authorities from classifying the road as a first, second, or third-class road as provided by law.
4. If a public road was originally established as thirty feet in width, it may by a subsequent action pursuant to the Civil Code (1910), §§ 631, 632, 633, be classified as either a second or third-class road. *Buchanan* v. *James*, supra, (2).
5. The adoption of the alternative road law had the effect of repealing "so much of the old road law as was inconsistent with it." *Howell* v. *Commissioners*, 118 *Ga.* 635 (45 S. E. 241); *Barham* v. *Weems*, 129 *Ga.* 704 (59 S. E. 803); *Commissioners* v. *Curry*, 154 *Ga.* 378, 384 (114 S. E. 341).
6. It was ruled in the *Curry* case, supra, and cases cited, that Civil Code § 640 was not repealed by the alternative road law, and that this section must be complied with before a new public road can be established in a county where such alternative road law is operative. But in *Brown* v. *Sams*, 119 *Ga.* 22 (45 S. E. 719), it was held that "The ordinary or county commissioners, in appointing commissioners to lay out a new road under the Political Code, § 520 [1910, § 640], are not limited to the regular road commissioners appointed for the purpose of caring for and supervising the working of public roads under . . . § 584 [1910, § 724], but may appoint for such purpose any "three proper and fit persons residing as near as may be possible to where the road is intended to pass."
7. Civil Code § 640 applies to "any new road, or alteration in an old road," but has no application to the question of whether county commissioners alone have authority to classify public roads into first, second, and third-class as provided in § 631. The road commissioners mentioned in § 631 are provided for in § 724.
8. "When the [alternative] road law is adopted by the recommendation of the grand jury, road commissioners cease to exist in that county, and an exercise of any judicial function whatever by those persons who may previously have been road commissioners becomes legally impos-

sible." *Varner* v. *Thompson*, 3 *Ga. App.* 415 (4) (60 S. E. 216). The precise point ruled by the Court of Appeals has not been decided by this court. We think the ruling sound, however, and accordingly adopt it.

9. In the act creating the county commissioners of Muscogee County (Ga. Laws 1872, p. 451), power is granted to them to establish, alter, and abolish roads, bridges, and ferries according to law. The alternative road law provides that "The commissioners of roads and revenues . . shall have the sole right to lay out, open, change, or discontinue public roads therein, and the sole management of the working of said roads." Civil Code (1910); § 694. It also grants authority to said commissioners to appoint certain designated subordinates, but district commissioners are not named in this section. The provision of § 631, with regard to "concurrence of the majority of the road commissioners" (such commissioners as are provided in § 724), is inconsistent with the exclusive power granted to county commissioners of roads and revenues in § 694 et seq. This ruling is based upon the theory that the provision for "concurrence of the majority of road commissioners," found in § 631, also applies to the establishment of third-class roads. In fact § 633, codified from Ga. Laws 1894, p. 100, does not mention road "commissioners." The act did authorize classification of third-class roads. *Buchanan* v. *James*, supra, at page 549. The act merely amends the road laws so as to provide for third-class roads and how such roads shall be worked. Civil Code § 724 provides for district road commissioners, and their duties are specified in § 729. All of these duties, where the alternative road law is operative, are reposed solely in the county board of roads and revenues.

10. The alternative road law having been adopted in Muscogee County, the commissioners of roads and revenues of that county had the exclusive right to classify the roads of that county at any time, in their discretion, either before or after the filing of the petition for mandamus.

11. The evidence demanded a finding that the commissioners had legally classified the road in controversy after the filing of the petition, but prior to the making of the mandamus absolute, as a third-class road. The trial judge was without authority, at the time of making the mandamus absolute, to restrict the issue to the question whether the road had been worked as a first-class road, and to order that the road be worked and placed in the condition required for a first-class road as provided in the Civil Code (1910), § 630.

12. The court erred in admitting evidence offered by the petitioners, tending to prove the allegations of their petition on a hearing by the judge without the intervention of a jury, over appropriate objection by the defendants based upon the ground that there were disputed issues of fact, and that the same should have been submitted to a jury. Civil Code (1910), § 5445; compare *City of Camilla* v. *Norris*, 134 *Ga.* 351 (67 S. E. 940).

13. There was an issue of fact as to whether the road had been put in condition required by law for a third-class road, and also whether there had been a demand made by petitioners that the commissioners place the road in either of the designated classes of roads. "If an issue of

fact is involved in said cause, it shall be in order for trial upon the first day of the next term of the superior court, as other jury causes are tried. If the superior court be in session, or taking a recess at the time fixed for trial in the mandamus nisi, the same shall stand for trial at the then present term." Civil Code (1910), § 5445. Compare *Commissioners* v. *McMath*, 138 *Ga.* 351 (75 S. E. 317).

*Judgment reversed. All the Justices concur, except Russell, C. J., and Hines, J., who dissent.*

No. 5404. FEBRUARY 16, 1927. ADHERED TO ON REHEARING, MARCH 5, 1927.

Mandamus. Before Judge McLaughlin. Muscogee superior court. April 3, 1926.

*Slade & Swift, George C. Palmer,* and *J. F. Terry,* for plaintiffs in error.

*McCutchen, Bowden & Gaggstatter, Foley & Chappell,* and *J. A. McGehee,* contra.

PER CURIAM.   O. E. Benson et al. filed mandamus proceedings against the commissioners of roads and revenues of Muscogee County, to compel the commissioners to work a described road in said county, alleged to be a post-road within the provisions of the act of 1920 (Acts 1920, p. 234), alleging that the commissioners had failed, neglected, and refused to work and maintain the road as required by the Civil Code (1910), §§ 630 et seq., and that they have also neglected to comply with § 654; that the road is well-nigh impassable and is dangerous, and specific details are alleged as to the manner in which the road is lacking as to the conditions required by law; that the road is an important public road, is near to the City of Columbus; that the commissioners have been appealed to to remedy the defects in the road; and that petitioners are remediless except by mandamus proceeding. The prayers are, for a mandamus absolute requiring the county commissioners to proceed to put the road in the condition required by law, for process, etc. The defendants answered, admitting that the road is a post-road and that it has not been put in the condition required for a first-class road, but insisting that it has been put in the condition required for a third-class road, and that the road is classified as a third-class road. They deny that the plaintiffs at any time requested or demanded of the defendants, pursuant to the provisions of the Civil Code (1910), § 5441, that the road be repaired and worked. By amendment it is averred that the public roads of Muscogee County are worked and managed under the alternative road law, which is in effect in said county,

and that the road was regularly and duly classified by the commissioners as a third-class road on March 17, 1926 (this date being subsequent to the filing of the petition for mandamus). It is admitted that the alternative road law has been adopted and is in effect in Muscogee County. The defendants demurred to the petition, which demurrer was overruled, and the defendants excepted. The plaintiffs demurred to the defendants' answer, but it does not appear that there was any express ruling on the plaintiffs' demurrer, and it is to be assumed that it was considered along with the answer in passing upon the merits of the case. The judgment recites: "It is the opinion and judgment of the court that no issue of fact is raised by the answer." The judgment made the mandamus absolute, to which also the defendants excepted. The defendants objected to the admission in evidence of the affidavit of John B. David, urging as grounds of objection, that, "issues of fact being raised by the pleadings in said case, it was contrary to the law to introduce and hear evidence at said time [before the judge without a jury], and that all evidence on issues of fact made in said case should not then be heard, but should be heard before a jury at the next term of court in the manner provided by the statute." The objection being overruled, the defendants excepted and assigned error. It appears from the certificate of the clerk that the February term, 1926, of Muscogee superior court was still in session when the case was heard and the judgment rendered.

## ON REHEARING.

A rehearing was granted in this case, and the statement of the case, together with the rulings, has been rewritten.

No elaboration of the syllabi is deemed necessary, except what is said hereinafter. We think the only close point in the case is whether the provisions in the Code, §§ 631, 724, are operative in counties where the alternative road law has been adopted. As ruled in the sixth headnote, section 640 is not repealed by adoption of the alternative law. Does it necessarily follow that section 631, in so far as it provides for "concurrence of a majority of the road commissioners," is not repealed? We do not think it a necessary logical conclusion. Section 640 provides the method of establishing "a new road or alteration in an old road." This requires the acquisition of additional land, and the determination

of whether such a road would be of "public utility." In such circumstances the judgment of three commissioners residing as near where such road is intended to pass as possible seemed advisable to the legislature. At least the statute so required. In section 631, a statute passed in 1870 before the enactment of the alternative road law, it was provided that "The several ordinaries of this State, with the concurrence of a majority of the road commissioners of their respective counties, shall designate" the class of the road, in their discretion. This, it will be observed, required all of the district commissioners of the county, and it meant the commissioners provided for in section 724 and appointed by the ordinary under section 725, whose duties are specified in section 729. At the time when the act of 1870 was passed, jurisdiction over road matters being in the ordinaries, it was natural and wise to provide local assistance for him in determining local requirements. Subsequently the constitution (Civil Code (1910), § 6548) authorized the creation of county commissioners; and in the alternative road law it was provided that such commissioners "shall have the sole right to lay out, open, change, or discontinue public roads therein and the sole management of the working of said roads." How can they have such sole power, if they *must* appoint district road commissioners, and then when a road is to be classified they *must* secure the concurrence of a majority of all district commissioners in the county? We think this is not only illogical but directly contrary to and inconsistent with the legislative intent and statute of the General Assembly. We are not unmindful of what was said above with respect to section 640, and the decisions that hold that section unrepealed by the alternative road law. The distinction may be narrow, but such former decisions are not controlling; and if the reasoning in either case is doubtful, we think the doubt applies to the former, and not to the ruling in the present case. It follows that we adhere to the judgment of affirmance heretofore rendered.

RUSSELL, C. J., dissenting. This was a petition for a mandamus to compel the county commissioners of Muscogee County to work a certain public road, under the provisions of section 5441 of the Code. The petition was amended by inserting a new paragraph with plat attached, showing the condition of the road at the time the petition was filed and a grade at a certain point thereon of

fifteen degrees. This paragraph was not denied in the answer. The defendants not only demurred upon the general grounds, but also raised the point that it does not affirmatively appear from the petition that any demand was made upon the defendants to repair and work the road as a second and third-class road, or when or upon whom the demand was made. They demurred further, that the allegation of the petition that as a matter of law said road is a first-class road is a mere conclusion of the pleader; further, that said allegation is insufficient, because it is not alleged that it had ever been laid out as a public road. Further it is contended that the petitioners are not entitled to mandamus as a remedy, because they are asking to have the road repaired conformably to the standard required of first-class roads. The tenth ground of the demurrer set up that the provisions of section 630 of the Civil Code apply only to a first-class road, that the writ of mandamus provided in section 5441 applies only to public roads which must be made conformably to the standards required of first-class public roads. The case was tried during term time, and the court took the matter under advisement without objection. In the hearing before the judge some evidence was admitted without objection, and some over the objection of the plaintiffs in error. Upon a consideration of the case the court rendered a judgment "that the demurrers general and special of the defendants to the petition as amended for mandamus, of the plaintiffs, be overruled, and that the mandamus be made absolute."

The judgment of the trial court, so far as the same is material, was as follows: "It is the opinion of the court that the demurrers, both general and special, filed by the defendants to the plaintiffs' petition, be and the same are hereby overruled. Upon a further consideration of the answer of the defendants it is the opinion of the court that the answer, in conjunction with certain admissions made in judicio, hereinafter referred to, by the defendants, constitutes and sets forth no legal defense to the petition of the plaintiffs. Therefore the finding and the order of the court is as follows: The petition of the plaintiffs alleges that the said Reese road is a public road, and as such should be placed in a condition to conform to the provisions of Code sections 630, 654 and 5441. The admission of the defendants is that the Reese road in question is a post-road, and therefore the court holds as a matter of law it

is a public road under and by virtue of an act of the legislature passed and approved on the 5th day of August, 1920. It is further admitted by the defendants that the said Reese road was not of the standard of a first-class road, the admission being that the road is only sixteen feet in width and worked in conformity with Code section 633 as a third-class road. It is also admitted by the defendants that the said Reese road has not been classified as a third-class road, or classified at any time prior to the filing of the petition for mandamus and the issuance of the rule nisi hereinbefore referred to. It is also admitted by the defendants that the working of the public roads in Muscogee County is under the alternative road law. It is also admitted by the defendants that after the rule nisi had been issued on the mandamus and subsequent to the filing of the petition therefor, which said rule was issued on the 3rd day of March, 1926, and before the hearing on the 23rd day of March, 1926, two of the commissioners, to wit, Messrs. Chas. M. Woolfolk and G. Gunby Jordan, as commissioners of roads and revenues of Muscogee County, on the 17th day of March, 1926, without having present and participating therein road commissioners, passed an order nunc pro tunc, classifying the said Reese road as a third-class road, to wit, sixteen feet in width, in conformity with Code section 633, as relating to third-class roads. It is further admitted that the said road was not worked and placed in the standard of a first-class road. With the above and foregoing admissions by the defendants, it is the opinion and judgment of the court that no issue of fact is raised by the answer. . . Therefore it is considered, ordered, and adjudged by the court that the mandamus be made absolute, and that the commissioners of roads and revenues of Muscogee County, Georgia, the defendants herein named, be and are hereby required to repair, work, and place the said road in conformity to the standard as provided by law in Code sections 630 and 654 of the first volume of Park's Political Code, and the said work, repairing and grading of the road, be commenced within a reasonable length of time, the time of commencement not being in excess of thirty days from this date, and work continue thereon until the road is built and placed in conformity to the Code sections hereinbefore referred to. It is the further order of the court that the defendants herein named pay the cost of this proceeding." To this judgment the defendants excepted.

We are all agreed that the lower court correctly overruled the demurrers to the petition. As these demurrers raised the same controlling point of law as those upon which the defendants' answer was based, it seems to me that the law of the case was made and fixed by the ruling of the court upon the demurrers, and that the court thereafter very properly held that the allegations of the answer presented no legal defense nor any issue of fact for the consideration of a jury. If, as we hold in the first headnote, the court did not err in overruling the demurrers to the petition, then that judgment establishes the proposition that a post-road is a public road at least thirty feet wide, and therefore can only be legally classified as a first-class road. It is admitted in the answer that the road in question is a post-road and has been since 1907. There are some immaterial denials of the allegations of the plaintiffs' petition, such as to whether a demand had been made by petitioners that the road should be worked; but in the ruling of the court upon the demurrer, which we affirm, it was held that it was immaterial to allege a demand, and sufficient to show that the commissioners had not worked the road as required by law. Without consuming further space, an inspection of the answer shows that it was so evasive as to the points in issue, even if they had been material, as to amount, under well-settled rules, to a practical admission of the allegations of the petition. It appears from the certificate of the clerk of the superior court that the February term of Muscogee superior court was still in session when the application for mandamus came before the court. Our Civil Code (1910), § 5441, expressly provides mandamus as the appropriate remedy to enforce the proper working of a public road. The petition set forth, among other things, that the road in question was a public road of the County of Muscogee, used by the national government as a mail route, and alleged certain facts clearly showing that the county commissioners of Muscogee County had not complied with the requirements of law as to the working of this road. The answer of the defendants asserted a readiness to comply with all of the requirements of the law, and stated as to the particular road that the county commissioners since the issuance of the mandamus nisi had reclassified this road and made it a third-class road; and that the specific defects in the road, pointed out in the petition, did not exist. The trial judge held that no

issue of fact was presented, and proceeded, under the pleadings and the admissions of counsel, to decide the case without the intervention of a jury, and finally entered a judgment making the mandamus absolute; and exception was taken to this judgment.

I contented myself upon the original consideration of this case with simply entering my dissent from the judgment of the court, because pressure of other cases prevented my written expression. Upon the rehearing and subsequent investigation I regret that I can not follow the conclusion reached by the majority of the court, but am rather more firmly convinced in my first opinion. The matter of the court depriving the plaintiffs in error of the right to a trial by jury would to me be much more serious had they insisted upon a jury trial in the lower court. So far as appears from the record, they did not then and there assert their right to or insist upon a trial by jury. In my opinion they thereby waived the right which they are now attempting to assert for the first time in a court of review. They except, it is true, upon the ground that the court erred in adjudging that there was no issue of fact which would prevent him from determining the matter as one purely of law; but it seems to me they should have impressed upon the court his lack of jurisdiction, by also specifically calling his attention to the fact that as there were in their judgment serious issues of fact they expressly objected to the court's proceeding with the case. I think from the record it can be inferred that plaintiffs in error were willing to take their chances before the court sitting as jury as well as judge; for it is not a necessary consequence that, even if the judge had held that issues of fact were involved, either party would have objected in this case, in which all the evidence was either documentary or consisted of admissions in court, to the hearing proceeding before the judge alone, nor is it to be conclusively presumed that the parties might not have agreed that the judge alone should hear the case in the interest of economy of time. Aside from that, however, I think the judge correctly held that no issue of fact was presented. This being so, did the judge err in requiring the county commissioners of Muscogee County to work the road in question?

It is doubtful if a board of county commissioners has such judicial powers as will enable them to mold a judgment in a petition for mandamus, by altering the circumstances and situation of the

parties from that which existed at the time when the court issued the mandamus nisi. However, I pretermit any consideration of this question; but it does not appear that they legally classified the road in question as a third-class road. It does not appear that the district commissioners provided by section 640 of the Code were appointed or served, or that any one other than the board of county commissioners of Muscogee County participated in the proceeding which by law is required to antecede the reclassification of a public road. The majority bases its opinion largely upon the case of *Varner* v. *Thompson, 3 Ga. App.* 415 (supra), in which the writer delivered the opinion in behalf of the Court of Appeals. That case is at best but persuasive authority. Upon a reading of the case it is very apparent that the Court of Appeals had before it but one question, which was whether district commissioners could impose fines upon road defaulters in counties where the alternative road law had been adopted. The question now before us as to the opening of new roads or classifying existing roads was not considered at all by the Court of Appeals, for such an issue was not even remotely hinted at in any part of the record in *Varner's* case. The provisions as to the punishment of road defaulters, under the law as it existed at the time the *Varner* case was written, was a section of the Code entirely different from that with which we are now dealing, and which provides: "On application for any new road, or alteration in an old road, the ordinary shall appoint three road commissioners, residing as near where such road is intended to pass as possible; and if they find it of public utility, they must proceed to mark it out, and make their report under oath to such ordinaries that it was laid out and marked conformably to law." It is provided in the act creating the board of county commissioners of Muscogee County that they should use the services of district commissioners as had been the custom theretofore. As this act was passed prior to the constitution of 1877, it is unaffected until its repeal by legislation subsequent to 1877, local laws of this character being expressly preserved by the provisions of the constitution (art. 12, sec. 1, par. 1, Civil Code, § 6605).

In *Howell* v. *Commissioners,* 118 *Ga.* 635 (supra), and *Barham* v. *Weems,* 129 *Ga.* 704 (supra), this court expressly held that section 640 was not inconsistent with the alternative road law, and must be complied with before a new public road can be lawfully

established in a county wherein such alternative road law is operative; and these rulings were followed and reaffirmed in *Hutchinson* v. *Lowndes County,* 131 *Ga.* 637 (3) (62 S. E. 1048). See also *Mitchell County* v. *Hudspeth,* 151 *Ga.* 767-68 (108 S. E. 305); *Commissioners* v. *Curry,* 154 *Ga.* 378, 384-5 (supra). I think these cases are conclusive upon that proposition. However, in my opinion, by the act of 1920 (Acts 1920, p. 234), declaring that all post-roads should be public roads, the legislature adopted a general policy as to post-routes or roads used by the government for the purpose of rural free delivery. The General Assembly certainly did not contemplate that while the national government was attempting, in the interest of economy, to select the roads where the greatest number of persons could be served at the least expense, the roads furnished by the State for this purpose should be of the lowest classification rather than the highest. So much so that this court has held that the term "public road" presumably refers to a road of the first class. Under the policy of the national government there would certainly not be a presumption that a public road was a third-class road. If there were no other feature in this case than the admission of the county commissioners that in their opinion the classification of the road in question as a third-class road subsequently complied with the requirement of the act of 1920, it is my opinion that the judgment of the lower court should be affirmed.

HINES, J. I am unable to agree to the conclusion reached by the majority of the court. The legislature possesses plenary and paramount power to create, classify, change, or abolish public roads. There is no constitutional or other limitation on this power. *Lee County* v. *Smithville,* 154 *Ga.* 550, 556 (115 S. E. 107). By the act of August 5, 1920, the legislature declared "that all roads that are now or may hereafter be used as post-roads which are part or parts of rural postal routes, shall be deemed public roads, and it shall be the duty of the county commissioners, or the ordinary, as the case may be, to construct and maintain said roads in a reasonably passable condition as other public roads of the county are maintained." By this act the legislature makes all rural postal roads public roads. In what sense does the legislature use the term "public roads"? In *Buchanan* v. *James,* 130 *Ga.* 546 (supra), this court held that "All public roads laid out by an order

of the board of roads and revenue, or by the ordinary, pursuant to the Political Code [1895], § 520 [1910, § 640] et seq., in the absence of anything indicating a lesser width, will be presumed prima facie to be at least thirty feet in width." If this be true, and the legislature makes all rural postal roads public roads, it will be presumed that they mean thirty-feet roads, in the absence of anything showing a contrary intention; and there is nothing in the act of 1920, which indicates anything to the contrary. This view is strengthened by the fact of the great importance of these rural postal roads. They usually pass through regions of densest population. They render possible a great and increasing public service; and should be of such character as to facilitate such service. So I am of the opinion that the above language in the act of 1920 means that rural postal roads must be public roads of the first class, or thirty feet in width, and that they must be constructed and maintained as such roads are required by law to be maintained. If the legislature establishes a public road, the county commissioners or ordinary certainly can not abolish, change, or alter such road. I am of the opinion that there was no real, disputed issue of fact involved in this case, and that the trial judge properly made the mandamus absolute.