29892. TURNER v. BROWN et al.

JORDAN, Justice.

This appeal is from the denial of a motion for new trial after a jury verdict.

The appellant Turner brought the action against the appellee Brown for injunction and damages because of the alleged obstruction of a public road. The unpaved road ran from the paved Excelsior highway, between the properties

of Willie Smith and Brown, and ended at the property of Turner. Turner asserted that Brown had obstructed the road by placing posts in it.

The Commissioners of Candler County were named as defendants, but Turner dismissed the county as a party prior to the submission of the case to the jury.

The judge presented the issues to the jury by questions, and the jury found as follows: The passageway to Turner's property is a public road of Candler County, and is 16 feet wide from the property of Willie Smith. Injunction was denied to Turner, and damages were denied to both parties.

1. Neither party contends that the road is not a public one. The real dispute between them is the width of the road.

A surveyor who made a plat of the road for Turner testified that between the ditch on the Willie Smith side of the road (Willie Smith's property line was not disputed) and the vegetation line on the Brown side it was approximately 27 feet. There was evidence for Turner that the posts which Brown had placed in the road were within the area that had been graded by the county.

The evidence for Brown indicated that until the road had been recently graded by the county it had been a narrow, "two-rut" road. Brown testified that the posts he had placed in the graded area were at the approximate places where an old fence marking the edge of the road had been.

While the evidence was in conflict, the jury was authorized to find from the evidence that the road as it had existed for a prescriptive period of time was not the wide road contended for by Turner.

2. Turner contends that there was no evidence to support the jury's finding that the road is 16 feet wide. He contends that the jury having found the road to be a public road could not legally find the road to be 16 feet wide, because all county roads are prima facie 30 feet in width unless reclassified by the county authority, and that there was no evidence of reclassification of this road.

Chapter 95-1 of the Code of 1933 provided for first class roads, 30 feet wide; second class roads, 20 feet wide; and third class roads, 16 feet wide. Under this law it was

held that there was a presumption that a public road was 30 feet wide. *Browne v. Benson,* 163 Ga. 707 (2) (137 SE 626). Chapter 95-1 was repealed by the 1973 Code of Public Transportation. Ga. L. 1973, p. 947 et seq. (Code Ann. Ch. 95A).

The presumption relied on by Turner has no significance in the present case. The evidence showed that Candler County had no road register, and that the road at issue had never been laid out by the county, registered, or classified. Its width must be determined by the prescriptive use of it.

There was no evidence for either party that the road was an exact number of feet uniformly throughout its length. The plat introduced by Turner showed that the posts placed by Brown were 17.4 feet, 14.9 feet, and 15.7 feet, from the property line of Willie Smith. Brown testified that he placed these posts approximately where an old fence along the road had been. There was no evidence from which the jury could find the exact distance of the road at each foot of its length. They were authorized to find its width to be 16 feet, which was within the range of the above evidence.

3. It is contended by Turner that the court erred in failing to instruct the jury on the evidence to be considered regarding the width of the road.

Neither in the objection at the conclusion of the charge, nor in the brief and argument to this court, does he indicate what charge should have been given to the jury.

The judge instructed the jury that they should determine what was the width of the passageway established by the evidence which was acquired by reason of the continuance of possession for at least 7 years, and that their answer would be a number of feet from the property line of Willie Smith at designated points, as established by the evidence.

This instruction was adequate.

4. Turner contends that the court's judgment failed to follow the verdict of the jury, was not supported by the verdict, and substantially changed the verdict rendered by the jury.

He asserts that the evidence in the case and the questions answered by the jury pertained to the road from

the Excelsior highway to the property of Turner, whereas the judgment dealt only with the road from Brown's driveway to Turner's property.

This was the portion of the road in which Turner alleged that Brown had placed the posts, and the portion that was disputed between the parties. There is no inconsistency between the verdict and judgment because the judgment was limited to the disputed portion of the road.

It is contended that the judgment is contradictory in finding that the road is public, but only 16 feet in width. As held in Division 2, the fact that the jury found the road to be a public road does not require a finding that it is 30 feet in width.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 12, 1975 — DECIDED JUNE 17, 1975.

*Doremus & Towers, Ogden Doremus,* for appellant.
*Neville & Neville, William J. Neville, L. C. Anderson,* for appellees.