## Phila., Appellant, *v.* Thomas's Heirs.

*Municipal claim for sewer—Unopened street—Dedication—Acceptance by city—What constitutes.*

Where a street has been dedicated by adjoining owners and laid out on the confirmed city plan, but not physically opened over the land, the passage of an ordinance for the laying of a sewer and entry upon the street dedicated are as clearly an acceptance of the dedication and as unqualified a recognition of the street as an opened highway of the city as if an ordinance to open had been passed and damages assessed and paid.

*Necessity of sewers—Discretion of councils.*

Councils having determined in their legislative wisdom to commence the improvement of the street by constructing a sewer thereon, their right to do so cannot be doubted, their judgment as to the propriety or necessity therefor being final and conclusive : Waln v. Phila., 99 Pa. 337 ; Michener v. Phila., 118 Pa. 535.

Argued Jan. 11, 1893. Appeal, No. 451, Jan. T., 1892, by plaintiff, from the judgment of C. P. No. 3, Phila. Co., No. 27, M. L. D., March T., 1890, in favor of defendants, Thomas's heirs. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Municipal claim for construction of sewer.

At the trial before Gordon, J., the issue as framed by agreement was : "Was the ·city entitled, at the time the fund was paid into court, to recover of the premises liened the amount of the said claim ? " The facts appear by the opinion.

Plaintiff's offer to prove that the land was not rural was refused. [1]

Binding instructions for defendant were given. [2]

*Errors assigned* were (1) ruling on evidence ; and (2) instructions ; without quoting them, except in substance.

*E. Spencer Miller*, assistant city solicitor, with him *Charles F. Warwick*, city solicitor, for appellant.—It is contended by defendant that the city cannot lay sewer or water pipe except upon a street previously constructed for public travel. But these assessments by the foot-front charge are not for pipe or sewer in front of the land, they are a contribution toward the entire plant of the city : Lea v. City, 80 Pa. 315; Swain v. City, 22 W. N. 120. It is a tax, and no question of adequacy of consideration can arise : Michener v. Phila., 20 W. N. 542; Britton v. City, 32 Pa. 387 ; and the act of the taxing power is conclusive.

*William C. Hannis*, for appellee.—This is a dedicated but not an open street and may never be opened ; it is only where a sewer is on a street that the owner can be charged. What is a street : Act of March 27, 1865, P. L. 791, § 1; Road from Fitzwater to Shippen St., 4 S. & R. 106 ; 6 Modern, 255 ; Reed v. Erie, 79 Pa. 352 ; Webster's and Bouvier's Dictionaries, title, Streets ; Young v. Cuthbertson, 1 Macq. 455 ; Bailey v. Jamieson, L. R., 1 C. P. Div. 329 ; Reg. v. Hawkhurst, 11 W. R. 9; 7 L. T. N. S. 268 ; Woodyer v. Hadden, 5 Taun. 125 ; Gowen v. Phila. Exchange Co., 5 W. & S. 143; Wilson v. Allegheny City, 79 Pa. 272 ; Coxe v. City, 47 Pa. 9 ; Wistar v. City, 71 Pa. 44.

Local assessments cannot be imposed where the improvement appears to be for the general public benefit : Hammett v. Phila., 65 Pa. 157 ; Washington Ave., 69 Pa. 352; Reed v. Erie, 79 Pa. 353.

The claimant must prove affirmatively all facts necessary to give the city authority to order the work done : City v. Walter, 39 Leg. Int. 42 ; Kensington v. Keith, 2 Pa. 218 ; P.

R. R. v. Allegheny, 92 Pa. 100 ; White v. Com., 37 Leg. Int.,
p. 354; Fell v. City, 81 Pa. 75; Com. v. Keith, 2 Pa. 218;
Craig v. City, 89 Pa. 265.

OPINION BY MR. JUSTICE STERRETT, January 23, 1893 :

The learned judge of the common pleas rejected plaintiff's
offer of evidence and directed the jury to find for defendants,
because, as he held, Reed street in which the sewer was con-
structed had not been previously opened "so as to charge ad-
joining owners with the burden of municipal improvements."
What he must have meant by this, as appears from his charge,
was a physical opening of the street by grading and paving, or
otherwise improving the natural surface so as to better adapt
it to the public use.    After referring to the natural surface of
the land within the lines of the street and adjacent thereto, he
says : " The only evidence of any opening or taking by the city
is that there was a deed of dedication made by the owners of
the land, back in the sixties, by which they gave the city the
right of a public street over this portion of the land.    That,
however, only conferred upon the city the right to take the
land for a street without giving compensation to the private
owners.    The city may take any land, belonging to the citizen,
for any municipal improvement, as for instance a street, but
they cannot do it without first giving compensation or securing
it to the owners, and a deed of dedication simply waives the
right to compensation and enables the city to go on and use the
land without first resorting to those preliminaries.    There is no
evidence that the city ever did anything else.    They simply
received the deed of dedication; and I rule that that is not
opening the highway so as to charge the adjoining owners with
the burden of municipal improvements."

It is conceded that Reed street was regularly located, as a
public highway, on the confirmed city plan; that action of
the municipal authorities was followed by the deed of dedica-
tion in which, according to defendants' admission, all the then
landowners on both sides of the " street, . . . . between the
terminal points within which the sewer was constructed,"
united in dedicating " to the public, for use as a highway, all
the ground within the lines of said Reed street."    As the
learned judge correctly said, this enabled " the city to go on

and use the land for a public purpose without first resorting to those preliminaries," for assessment of damages, etc., to which he referred. That is just what was done. The ordinance providing for construction of the sewer in that portion of Reed street was regularly passed. In pursuance thereof the proper city authorities entered upon the land dedicated to public use as aforesaid, constructed the sewer therein, and filed the liens. Those unequivocal acts were clearly an acceptance of the dedication and an unqualified recognition of Reed street as an open highway of the city. They were just as effectual and conclusive as if an ordinance to open had been passed and damages had been assessed and paid.

While the city was not bound to accept the dedication and forthwith take charge of the street as a regularly opened highway, it had an undoubted right to do so whenever in the judgment of councils the public interest would be thereby promoted. The action that was taken necessarily implied an acceptance of the dedication. It was not susceptible of any other construction. In the circumstances, it would have been worse than useless to have inaugurated any proceeding looking to the assessment of damages which all the landowners had by their deed of dedication released.

We are therefore warranted in concluding that the street in question was legally opened for public use as a highway of the city. Of course it was not yet improved by grading, paving, macadamizing, or otherwise changing its natural surface so as to better adapt it to public travel. In the very nature of things, such improvements must in the order of time follow the opening of every street. How and when those improvements shall be made depends largely on the judgment of the municipal authorities. In this case, councils in their legislative wisdom determined to commence the improvement of the street by constructing therein the sewer in question. Their right to do so cannot be doubted : Waln v. Philadelphia, 99 Pa. 337 ; Michener v. Same, 118 Pa. 535. In the last case it was held that the judgment of councils as to the propriety or necessity for constructing sewers is final and conclusive, and, on a scire facias sur municipal claim for assessment, etc., the defendant will not be permitted to prove that the sewer was not a private benefit to his property, or not a public necessity.

If councils had chosen to be guilty of the folly, sometimes practiced, they might have brought themselves within the rule insisted on by defendants, by first grading and paving the street and then tearing it up for the purpose of constructing the sewer, but they wisely pursued the better and more economical course suggested in Britton v. Philadelphia, 32 Pa. 389.

The testimony clearly shows that the locality in which the sewer was constructed was then ripe for improvement. Blocks of houses had already been erected in the immediate neighborhood, and also on Reed street a short distance east of the sewer. But, whether the sewer was necessary or not, is a question with which neither we nor the defendants have anything to do. Councils were the exclusive judges of that, and their decision must be accepted as correct. The specifications of error are both sustained.

Judgment reversed and a venire facias de novo awarded.