[No. 19178. In Bank.—March 1, 1894.]

J. M. WILCOXON, RESPONDENT, v. THE CITY OF SAN LUIS OBISPO, APPELLANT.

MUNICIPAL CORPORATIONS—WIDENING OF STREET—POWERS OF CITY COUNCIL—COST OF GRADING AND GRAVELING—VOID ASSESSMENT.—Section 1 of the act of March 6, 1889, giving authority to the city council of any municipality "to order the opening, extending, widening, staightening up in whole or in part of any street," etc., does not confer upon a city council power to include in an assessment for widening a street the cost of grading and graveling the lands taken for the widening of the street, and an assessment therefor is illegal and creates no lien upon the land in the assessment district.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*William Shipsey,* for Appellant.

*Wilcoxon & Bouldin,* for Respondent.

HARRISON, J.—In December, 1890, the city of San Luis Obispo instituted proceedings under the act of March 6, 1889 (Stats. 1889, p. 70), for the widening of about three hundred feet of Chorro street, and designated the exterior boundaries of the district of lands to be affected or benefited thereby. In its resolution of intention it declared that " the public interest and convenience require that Chorro street of said city, between Monterey street and Higuera street, be widened as hereinafter specified "; and, after describing the land to be taken therefor, continued: " And the work to be done and the improvements to be made shall consist of removing from said land the buildings and other structures and obstructions now thereon, and filling in with earth so as to bring the land taken (not including the creek) to the present grade of Chorro street, and gravel the same." After proper publication of its resolution commissioners were appointed to assess the benefits and

damages to be produced by the improvement, and in due time made a written report thereof to the city council, in which they estimated that the aggregate amount of the value of the land to be taken and damage to improvements and property affected, and the cost of work and improvements and the expenses would be eleven thousand and eighty-two dollars and fifty-two cents, and assessed that amount upon the lands within the aforesaid district. One item of this aggregate amount is designated in their report to be: "Cost of contemplated work and improvement specified in resolution of intention seventeen hundred and twenty-two dollars and fifty-two cents." Subsequent to the confirmation of this report a certified copy thereof was placed in the hands of the street superintendent, who by virtue thereof sold a lot belonging to the plaintiff herein to satisfy the assessment thereon. This action, in the nature of a suit to quiet title, was brought by the plaintiff for the purpose of having it adjudged that by the aforesaid proceedings no lien was created upon his land, and that the sale of the superintendent was void. Judgment was rendered in favor of the plaintiff, and the defendant has appealed.

Section 1 of the act of March 6, 1889, gives authority to the city council of any municipality " to order the opening, extending, widening, straightening up in whole or in part of any street, square, lane, alley, court, or place within the bounds of such city, and to condemn and acquire any and all land and property necessary or convenient for that purpose." The only "work to be done or improvement to be made" under the provisions of this act is that for which power is conferred by this section, and before the municipality can acquire jurisdiction to exercise this power it is required to pass a resolution of its intention to do so, "describing the work or improvement." Hence, the only work or improvement which the municipality has any jurisdiction to order is limited, in the first place, to that which is designated in section 1 of the act, and next to that which it has described in its resolution of intention.

The resolution of intention in the present case is for the "widening" of a portion of Chorro street. The "widening" of a street which is authorized by this act does not include the additional work of making the street suitable for travel and general use. The expense of such work is to be undertaken after the street has been widened. (*San Francisco* v. *Kiernan*, 98 Cal. 619.) To widen a street is merely to enlarge its width, and in the term "widen" cannot under any construction of language be extended to include grading and graveling. To grade a street is to reduce it either by filling or excavation to a fit or established degree of ascent or descent, and to gravel a street is to cover the surface of a street already existing with some durable substance. Neither of these kinds of improvement or work is embraced in section 1 of the act aforesaid, and, consequently, the power to make an assessment for the expense incurred thereby has not been conferred upon the city council. A consideration of the entire act shows that the assessment which is authorized to be made upon the district defined in the resolution of intention is to be limited to the cost of the lands and improvements to be taken or damaged, and the expenses that the commissioners are by the act authorized to incur in effecting the widening of the street. In *Reed* v. *City of Toledo*, 18 Ohio, 161, the court held that, under the authority conferred upon a city council for opening a street and assessing the damages caused thereby upon a district, it was not authorized to include the expense of improving the street, saying: "By the term opening we do not understand the improvement of a street or highway by grading, culverting, etc. The term is generally, we think always, clearly distinguishable from such kind of improvement. The term opening refers to the throwing open to the public what before was appropriated to individual use, and the removing of such obstructions as exist on the surface of the earth, rather than any artificial improvement of the surface." (See also Dillon on Municipal Corporations, sec. 608; Fin-

layson's Street Laws, in Cal. p. 244.)   The widening of a street is only an additional opening of it, throwing a larger space open to public use than previously existed.

We are of the opinion, therefore, that it was not within the power of the municipal authorities to include in the assessment the cost of grading and graveling the lands taken ¦for the widening of the street, and that for that reason the assessment was illegal and created no lien upon the land of the plaintiff.

The judgment and order are affirmed.

Fitzgerald, J., McFarland, J., De Haven, J., Garoutte, J., and Paterson, J., concurred.

Beatty, C. J.—I concur in the judgment, not only upon the ground stated, but because I am of the opinion that the act of 1889 is unconstitutional.