## LASTINGER *v.* TOWN OF ADEL.

ATKINSON, J. The owner of a tract of land divided it into building lots and streets, and conveyed the lots with reference to the plan. A short time thereafter a town was incorporated, embracing the territory that had been divided into streets and lots. The owner of the land, or his grantee, placed a fence upon one of these lots along the line of the street as laid out in the plan. A subsequent grantee extended the fence five feet into the street. The municipal authorities notified the present owner to draw his fence in to the line as established in the plan of the town, and that in default thereof the town would proceed to have it moved as an obstruction in the street; whereupon the landowner filed a suit to enjoin the town from interfering with his fence. On the trial the original owner of the tract, who subdivided it into lots and streets, testified that he had dedicated the land marked on the plan as a street, and marked out the line thereof, and built a fence thereon; and that afterwards the municipal authorities had worked the street in various parts. The immediate grantor of the plaintiff testified that he recognized that the plaintiff's premises in dispute encroached upon the street five feet, and so informed the plaintiff at the time he purchased the property from him. *Held:*

1. Where an owner of land makes an express dedication of a particular portion thereof for use as a public street, its acceptance may be shown by any act of the municipality recognizing the existence of the street as such, and treating it as one of the streets of the city. *Ellis* v. *Hazlehurst,* 138 *Ga.* 181 (75 S. E. 99).

2. "Where the confines of the land dedicated to a municipality for use as a street are definitely fixed by the dedicator in his offer of dedication, municipal acceptance of the whole may be implied from improvements or repairs done on a portion of the street by the municipality in recognition of the dedication." *Ellis* v. *Hazlehurst,* supra.

3. The fact that the town had not been incorporated at the time of the dedication of the street would not destroy the effectiveness of the dedication, the organization and incorporation of the town being shortly thereafter accomplished, and the municipality having accepted and enjoyed the street for a long period of time. *County of Gordon* v. *Calhoun,* 128 *Ga.* 781 (3), 784 (58 S. E. 360).

4. The court charged the jury: "If you find in favor of the defendant in the case, under the instructions already given you under the evidence, the form of your verdict would be in this way: 'We, the jury, find that the land in controversy is part of a street dedicated to and accepted by the defendant; and we further find that the defendant, having first sued out legal proceedings for that purpose, may proceed to have

21

the fence in question removed.' " The court had submitted the issue as to whether the land in dispute was a street, and, if so, whether the fence could be summarily removed as an obstruction. The instruction as to the form of the verdict was to the effect that even though the jury should find that the fence was in the street, the city could not remove it as an obstruction except upon further appropriate proceedings. This furnished no basis for complaint by the plaintiff.

5. The verdict was authorized by the evidence. Other assignments of error are without merit.     *Judgment affirmed. All the Justices concur.*
                           SEPTEMBER 16, 1914.

Equitable petition. Before Judge Thomas. Berrien superior court. August 27, 1913.

*E. K. Wilcox* and *J. G. Cranford,* for plaintiff.
*C. E. Parrish* and *W. D. Buie,* for defendant.