NOLAND *v.* BIGGERS.

No. 7675. December 20, 1930.

*Mitchell & Mitchell,* for plaintiff in error.

*William A. Thomas,* contra.

Beck, P. J.  Biggers filed an equitable petition against Noland, alleging that petitioner was in possession of a certain building which he operated as a hotel; that defendant took rooms in the hotel, and was supposed to pay so much rent for same each week, and did pay the amount for a time as agreed; that shortly afterwards the defendant began to accuse the manager of the hotel of irregularities in his management, and began "trying to usurp the power of and acted as clerk of the hotel, creating dissension and dissatisfaction not only between himself and the manager but among the guests of the hotel, causing some of them to threaten to leave;" that, after the discharge of the manager referred to, petitioner employed one Starnes to act as clerk and manager; that when Starnes attempted to move into the hotel and had his trunks and baggage brought there in a truck, defendant ordered the truck away, and refused to let Starnes enter the place, to plaintiff's damage; that the defendant is insolvent, threatens bodily damage to petitioner, and "unless he is ousted in the nature of a dispossessory warrant and enjoined from coming about or in any way hindering or molesting petitioner's place of business, petitioner will be irreparably damaged by most if not all of his present guests forthwith leaving, and the general reputation of his place of business materially damaged and injured;" that defendant is only a "roomer," and is now in arrears in a stated sum on his rent; that petitioner has demanded the amount, and unless the court issue an order equivalent to a distress warrant, defendant will defeat the amount of rent which he owes when he is ousted; that, in addition to all this, defendant has bodily and with physical force seized the hotel register-book, the cash-book, and card-file system, which carry the names and all the data about the guests, and has locked them in his apartment or otherwise concealed them.

By an amendment it is alleged that the defendant has caused some of the guests of the hotel, naming them, to leave; that "de-

fendant has, with disregard for petitioner's rights, used the telephone in petitioner's hotel and made numerous long-distance calls, for which he has paid nothing, and refuses to pay the amount of the bill, which makes it incumbent upon petitioner to pay the bill;" that defendant is indebted to petitioner for rent and other items in a stated sum; that, "in view of the fact that defendant has said cash-book and card-filing system, which carries the data regarding the guests of the hotel during the day of January 11, 1930, and also due to the fact that on said January 11, 1930, said Noland did collect certain moneys, part of which he was slow to turn over to the sheriff, petitioner has reason to believe and does allege and charge that said Noland has other moneys within his possession, which he collected on said date or at other times;" that the defendant has continued to use the gas of the Atlanta Gas Light Company, having made connection with the gas-pipe, which he was not authorized to make, to the injury and damage of petitioner, without having applied for the gas according to the rules of the gas company; that he has intimidated Mrs. Starnes, petitioner's clerk and manager, in that "on or about the 15th or 16th day of January, 1930," defendant "sent a fusilade of five or six telephone calls, through the assistance of others, into the hotel within just a few minutes, and about the time the patience of the said Mrs. Starnes was exhausted he came in and bawled her out in boisterous and abusive language in the presence of a lobby full of hotel guests;" and that in other ways stated in the petition defendant has interfered with the management of the hotel, going to the extent in some instances of instructing guests not to pay their rent until a subsequent date, claiming that he would have charge on that date.

Petitioner's prayers were, "that this court of equity decree, that, because of the insolvency of defendant, the irreparable nature of the damage being done, and other equitable reasons, that equity lay hold of the matter in the terms of law and equity, issue an order embodying the fruits of a distress warrant, and hold defendant's baggage and chattels in said hotel for rent; that the same order direct that the sheriff immediately dispossess said defendant of said rooms and oust him from said hotel, and that the defendant turn over the cash-register of the hotel, the card-filing system, and the cash-book and all cash he may have collected, to petitioner; that the court temporarily and permanently restrain defendant from coming

about said hotel, intimidating or in any way making contact with said place directly or indirectly with petitioner, or in any way bothering said place; and that all relief in the terms of law and equity to which petitioner is entitled under the petition and amendment be allowed."

To this petition the defendant filed a general demurrer, and to the overruling of this demurrer he excepted.

The court did not err in overruling the demurrer. While it is true that an injunction can only restrain and can not compel a party to perform an act, as declared in § 5499 of the Code, there is equitable relief called for by this petition which does not in any way fall within the inhibitory terms thereof. In section 5490 of the Code it is provided that "Equity, by a writ of injunction, may restrain . . a threatened or existing tort, or any other act of a private individual or corporation, which is illegal or contrary to equity and good conscience, and for which no adequate remedy is provided by law." It is insisted in the argument of counsel for plaintiff in error that an injunction can only restrain; that it can not compel a party to perform an act; and that in this case the party seeks an order to compel performance of certain acts by the defendant. It is insisted that a court of equity will not oust possession of a party from a building or use of a building. Whether these particular contentions should be sustained or not we do not here decide; for there is much more than a prayer for ouster and a prayer for the restoration of books, papers, etc., in this case. There is a prayer for general relief under the alleged facts. And there is no complaint of the overruling of any special demurrer; we are dealing with the question as to whether a general demurrer to the petition should have been sustained; and it is clear that a part of the relief sought by the plaintiff should be granted, if the allegations in regard thereto are sustained by proof. If the defendant, an occupant of a room in the plaintiff's hotel, is constantly interfering with the management of the hotel, with the clerk and manager employed by the owner; if there be such conduct on his part relatively to the guests as is alleged here, and if he is using the telephone to make long-distance calls, without paying for the same, and thereby making the owner of the hotel liable therefor, he should be restrained and enjoined from continuing those acts. And if the plaintiff is entitled to any equitable relief

under his petition, the fact that he is not entitled to all the relief sought would not authorize a court to dismiss the petition. And it is also true that if injunction be granted to restrain those acts for the prevention of which equitable aid may be invoked, the equitable remedy will not be denied, even though obedience to the order of the court requires some positive act upon the part of the defendant. This has been so often ruled it is not necessary to cite authorities. *Judgment affirmed. All the Justices concur.*