"The granting and continuing of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case. The power shall be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." Code, § 55-108. On the conflicting evidence in the instant case, there was no abuse of discretion in refusing a temporary injunction; and this is true without reference to the general rule stated in the Code, § 55-106, as to right of creditors without lien, or any exception thereto.
Judgment affirmed. All the Justices concur.
 No. 13031. NOVEMBER 17, 1939.
John A. Blanton, as guardian of Mattie Crosby, brought equitable proceedings against T. G. Crosby, alleging that Crosby was tenant in common with Mattie Crosby, his ward, an incompetent; that he had used the property twelve years, and had not accounted with his cotenant for her rentals and income from the estate of her mother; and that he had recently expressed his purpose of disposing of all his property, rendering himself insolvent, so that Mattie Crosby could not collect what he owed her. The prayer was for judgment against T. G. Crosby for $1500, and for an order enjoining him from disposing of his property. In his answer the defendant denied liability. He demurred to the prayer for restraining order. The plaintiff demurred to the answer. The court did not pass on either of the demurrers. At interlocutory hearing the defendant introduced in evidence his verified answer; in which *Page 298 
he denied the plaintiff's allegations that the defendant and his wife refused to allow his incompetent daughter to live with them, and that the defendant had threatened to dispose of his property. There was sharp conflict of evidence on material issues. The defendant alleged also that in 1927 he gave to the plaintiff's wife (defendant's daughter) four hundred dollars for the share of his incompetent daughter, Mattie, in the estate of defendant's former wife; that this was a fair price for Mattie Crosby's one-seventh undivided interest in the estate; that defendant was not able to support Mattie Crosby and pay plaintiff's wife for taking care of her; that Mattie Crosby has received the full benefit of the $400 paid by the defendant to plaintiff's wife; and therefore that defendant is not indebted to plaintiff as guardian for his daughter, Mattie, for the rental value of the interest in the farm which Mattie Crosby inherited from her mother. The court denied an injunction, and plaintiff excepted.