SACHS *v.* DEMPSEY.

No. 16126.   MARCH 19, 1948.

*Miller & Head,* for plaintiff in error.

*Martin McFarland* and *Newell Jones,* contra.

HEAD, Justice.   Counsel for the plaintiff in error contend in their brief that the petition failed to set forth a cause of action for any relief, and that the trial court should have heard and

sustained the demurrers. Whether or not the better practice would be to rule upon demurrers at the hearing for interlocutory injunction, the court is not compelled to do so. *Vance* v. *Vogel*, 176 *Ga.* 132 (167 S. E. 112). This court can not decide any question that is not made by a specific assignment of error in the bill of exceptions (Code, § 6-1607), and the sufficiency of the petition to withstand the demurrers is not presently before the court.

"The grant or denial of a temporary injunction rests in the sound discretion of the judge, according to the circumstances of each case (Code, § 55-108); and where the evidence is conflicting, his decision will not be reversed, unless it is apparent that he has abused the discretion which the law gives him." *Jones* v. *Lanier Development Co.*, 188 *Ga.* 145 (2 S. E. 2d, 923). See also *Blanton* v. *Crosby*, 189 *Ga.* 297 (5 S. E. 2d, 780); *Moon* v. *Clark*, 192 *Ga.* 50 (14 S. E. 2d, 481). The evidence in this case is in sharp conflict, and the trial court required the petitioner (defendant in error in this court) to pay into the registry of the court the exact amount per month which was alleged in the defendant's answer to be the rental value of the property. Under these facts this court will not hold that the judge abused the discretion which the law vests in him. Direction is given, however, that the word "permanently" appearing in the second line of the second paragraph of the restraining order be stricken, and the word "temporarily" be inserted in lieu thereof, so that the order in all respects will conform with the evident intention of the trial judge; the order clearly showing that the injunction granted was only "until the further order of the court."

*Judgment affirmed, with direction. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*