SAVANNAH BEACH, TYBEE ISLAND *et al. v.* DRANE *et al.*

DUCKWORTH, Chief Justice. 1. A public street or public alley may come into existence by dedication, but such dedication to public use is not complete until two things appear: 1. An intention on the part of the owner to dedicate his property to the public use. 2. An acceptance on the part of the public of the property for such use. *Parsons* v. *Trustees,* 44 *Ga.* 529; *Hyde* v. *Chappell,* 194 *Ga.* 536, 542 (22 S. E. 2d, 313).

2. Where a plat of land, divided into lots and streets, is recorded and lots are sold with reference thereto, the requisite intention to dedicate is presumed. 3 Dillon, Municipal Corporations (5th ed.), § 1079; *Bayard* v. *Hargrove,* 45 *Ga.* 343; *Harrison* v. *Augusta Factory,* 73 *Ga.* 447.

3. Acceptance need not be express, but if a street be used and worked by the public for such a length of time that the public accommodation and private rights might be materially affected by the interruption of the enjoyment, the dedication is complete. *Healey* v. *Atlanta,* 125 *Ga.* 736 (54 S. E. 749); *Hyde* v. *Chappell,* supra. See also, as to proof of acceptance by a municipality by the exercise of control over the street by working it, etc.: *Wade* v. *Cornelia,* 136 *Ga.* 89 (70 S. E. 880); *Lastinger* v. *Adel,* 142 *Ga.* 321 (82 S. E. 884); *Atlanta & West Point R. Co.* v. *Atlanta,* 156 *Ga.* 251 (119 S. E. 712); *Donalson* v. *Georgia Power & Light Co.,* 175 *Ga.* 462 (6) (165 S. E. 440); *Adams* v. *Richmond County,* 193 *Ga.* 42, 48 (17 S. E. 2d, 184).

4. Dedication and use by the public would not of themselves make a street a public street so as to charge the municipality with the burden of repairs and maintenance and liability for injuries sustained by reason of the defective condition of the street, unless the dedication is accepted by the proper municipal authorities or there is evidence of recognition of the street as a public street. *Penick* v. *Morgan County,* 131 *Ga.* 385, 391 (62 S. E. 300). See also *Kelsoe* v. *Oglethorpe,* 120 *Ga.* 951 (48 S. E. 366); *Seaboard Air-Line Ry. Co.* v. *Greenfield,* 160 *Ga.* 407, 418 (128 S. E. 430); 3 Dillon, Municipal Corporations (5th ed.), 1727, § 1087.

5. When a platted street is by a municipality put in condition for travel, and the public is invited to use it, such street thereby becomes "opened" as a public street in fact. *Robins* v. *McGehee,* 127 *Ga.* 431, 435 (56 S. E. 461). See also 25 Am. Jur. 368, § 51; Wilcoxon *v.* City of San Luis Obispo, 101 Cal. 508 (35 Pac. 988, 989). No formal ordinance opening a street is required. 4 McQuillin, Municipal Corporations, 54, § 1408; Philadelphia *v.* Thomas's Heirs, 152 Pa. 494 (25 Atl. 873).

6. Under section 3 of the act of 1941 (Ga. L. 1941, p. 1748), amending its charter, the Mayor and Councilmen of Savannah Beach, Tybee Island, are without authority to "sell any public street which has been opened

to the public by the municipality and used by the public, except after approval by a majority vote of all the qualified voters of said municipality."

7. The petition as amended set forth a cause of action for cancellation of the deeds and injunction as prayed, and the court did not err in overruling the general demurrer. The special demurrers are also without merit.

8. Disregarding the question as to whether or not, under the facts shown by the record, Savannah Beach, Tybee Island, had a fee-simple title to "Alley No. 1," which was the equivalent of a street, or only an easement therein, as respectively contended by the parties, under the evidence as to dedication and the acceptance and opening thereof by the municipality, the use by the public for more than thirty years, the nonabandonment of the street or alley, and as to the purported sale, materially affecting the public accommodation and private rights in the enjoyment thereof—it being admitted that no election with a majority of the qualified voters consenting to the sale had been held, as required by the act of 1941 (Ga. L. 1941, p. 1748)—the trial judge was authorized in his discretion to grant an interlocutory injunction, restraining the defendants from erecting any obstruction or building on the said alley or street or in any wise preventing the free passage of the petitioners and the public generally thereon, and from conveying in any manner the said property or closing or obstructing the same or placing any improvements thereon.

*Judgment affirmed. All the Justices concur.*

No. 16494. February 14, 1949. Rehearing denied March 16, 1949.

20

24

28

*Shelby Myrick* and *A. Leopold Alexander,* for plaintiff in error.
*Kennedy & Sognier, Anderson, Connerat, Dunn & Hunter,* and
*B. B. Cubbedge Jr.,* contra.