19603. LOWRY *v.* ROSENFELD.

ARGUED JANUARY 16, 1957—DECIDED FEBRUARY 11, 1957—
REHEARING DENIED FEBRUARY 25,,1957.

*James A. Mackay, Thomas O. Davis, W. Dan Greer,* for plaintiff in error.

*Sam G. Dettelbach,* contra.

CANDLER, Justice. In this litigation the plaintiff prayed for an injunction, for actual and punitive damages, and for counsel fees. The exception is to a judgment granting a temporary injunction. So far as need be stated, the verified petition alleges: The plaintiff on May 4, 1955, purchased certain realty located in DeKalb County, in which he presently has an investment in excess of $45,000. On the land so purchased, there is a building, a part of which he uses personally for a dry-cleaning business and the remaining portions of the building are used by his tenants for retail stores. Between the front of his building and South Oxford Road, and as a part of the realty so purchased by him, there is a level strip 140.37 feet long and 39.95 feet wide, which has been paved with asphalt at his expense. At each parking place on said area, he has erected a sign which reads: "Private-15 min.-For customers only." The defendant operates a restaurant in a building south of but near his property, and has daily, except Sundays, from August 11, 1956, to September 18, 1956, parked his automobile on the plaintiff's property, and directly in front of the door to his dry-cleaning business, from 8 a.m. until after 5 p.m. He asked the defendant not to so park his automobile, but he refused to desist from doing so, and his daily parking on the plaintiff's property is a continuing trespass, which a court of equity should enjoin. By his answer, the defendant admitted the allegations of the petition respecting the time and place he parked his automobile but, further answering, averred that the plaintiff's predecessor in title dedicated the area involved to

DeKalb County to be used by the public for parking and vehic ular travel; that the dedication was accepted by the governing body of DeKalb County; and that the public had continuously used it for such purpose without objection or hindrance until this litigation was instituted.

At the interlocutory hearing, the parties stipulated that the plaintiff's warranty deed included the area here involved. The plaintiff introduced in evidence his deed, also his verified petition. The defendant introduced in evidence his verified answer, and Scott Candler, as a witness for him, by affidavit deposed: From March 4, 1939, to December 31, 1954, he was DeKalb County's sole Commissioner of Roads and Revenues. During that period, DeKalb County kept up, repaired, and maintained the area involved; and for the 26 preceding years it had been used continuously by the public for parking and vehicular travel. The plaintiff's building was erected prior to the adjacent theater, restaurant, and kindergarten buildings, and as they were erected, the area in front of them was also paved and the sidewalk and curbing in front of the plaintiff's building was also extended. The paving, curbing and laying of the sidewalk were done by DeKalb County. As sole county commissioner, he would not pave the area between the theater, restaurant, and kindergarten buildings, and the road until the respective owners thereof expressly dedicated it to DeKalb County for parking and vehicular travel by the public. C. A. Cooper, as a witness for the defendant, by affidavit deposed: He had been an employee of DeKalb County for the preceding 21 years, during which period he was for 17 years in charge of the Druid Hills Sanitary District and for the remaining years and presently is Director of DeKalb County's Sanitary Department. During the entire period of his employment, the paved area between the plaintiff's building and South Oxford Road was maintained by DeKalb County—it was patched and swept every week with county labor. At no time during his employment by the county, has the owner of the plaintiff's building objected to, interfered with, or complained about the county's upkeep and maintenance of the area in question; and during the entire period of his employment it has been used continuously by the public for parking and vehicular travel until this litigation was instituted.

■ Dedication is the setting aside of land by the owner for a public use. *Hutchinson* v. *Clark,* 169 *Ga.* 511 (1) (150 S. E. 905). Dedication of land for a public use is either express or implied. *Harris* v. *Powell,* 177 *Ga.* 15 (1) (169 S. E. 355). In this case the defendant contends that a predecessor in title of the plaintiff impliedly dedicated the land in question to DeKalb County for use by the public as a parking area and for vehicular travel; that the county accepted it for such public use by improving and maintaining it out of county funds; and that the public has used it continuously for the purpose to which it was dedicated during a period of at least 26 years immediately preceding the day this litigation was instituted. If this be true, its dedication for such purpose is, of course, binding on the plaintiff as a privy in title of the dedicator. *City of LaFayette* v. *Walker County,* 151 *Ga.* 786, 791 (108 S. E. 218).

■ Code § 85-410, declares: "If the owner of lands, either expressly or by his acts, shall dedicate the same to public use, and the same shall be so used for such a length of time that the public accommodation or private rights might be materially affected by an interruption of the enjoyment, he may not afterwards appropriate it to private purposes." There are two essentials for a valid dedication of land: (1) the owner must intend to dedicate it to a public use; and (2) there must be an acceptance of it by the governing authorities for the public use to which it was dedicated. The intention to dedicate need not be shown by an express declaration, but may be inferred from acquiescence in the public use of the property. Acceptance likewise need not be express, but if the property be improved and maintained by the authorized public authorities and used by the public for such a length of time that the public accommodation and private rights might be materially affected by an interruption of the enjoyment, the dedication is complete. *Hyde* v. *Chappell,* 194 *Ga.* 536, 542 (22 S. E. 2d 313), and the cases there cited. In *City of LaFayette* v. *Walker County,* supra, it was held: "Intention to dedicate may be inferred from acquiescence by the owner in the use of his land by the public, if the use be of such character as to clearly indicate that the public accepted the dedication to the public use." And acceptance of property set aside by the owner to a public use will be implied where it is improved and main-

tained for such use by authorized public officials out of tax funds. *Ellis* v. *Mayor &c. of Hazlehurst*, 138 *Ga.* 181 (75 S. E. 99); *Lastinger* v. *Town of Adel*, 142 *Ga.* 321 (1) (82 S. E. 884); *Adams* v. *Richmond County*, 193 *Ga.* 42, 48 (17 S. E. 2d 184). In the case last cited, it was said: "A frequent way of showing such [implied] acceptance by the public in the case of a road or street is to prove that the proper authorities assumed control over such road or street, as by having it worked, graded or paved." In this case, the defendant's evidence, which is set out rather fully in our statement of facts, is amply sufficient to show an implied intention on the part of the owner to devote the property in question to a definite public use, and also an implied acceptance of it for such use by the governing authority of De-Kalb County.

■ The grant or denial of a temporary injunction rests in the sound discretion of the trial judge according to the circumstances of each case (Code § 55-108); and his decision will not be reversed, unless it is apparent that he has abused the discretion which the law gives him. *Jones* v. *Lanier Development Co.*, 188 *Ga.* 141 (2 S. E. 2d 923); *Sachs* v. *Dempsey*, 203 *Ga.* 438 (47 S. E. 2d 326). In the circumstances of this case, we think that the judge abused his discretion in granting a temporary injunction. As we view the evidence, the undisputed testimony of the defendant's witnesses Candler and Cooper show an intention on the part of the plaintiff's predecessor in title to devote the land involved to a definite public use, an acceptance of it for such use by the governing authority of DeKalb County, and its use for the purpose to which it was dedicated for such a length of time that the public accommodation or private rights might be materially affected by an interruption of its enjoyment. As shown by the record, the plaintiff acquired his interest in the subject property during 1955, and on the interlocutory hearing he offered no evidence contradictory of that offered by the defendant, except that he had paved the area with asphalt at his expense since his purchase and erected signs on it restricting parking. This being the case, it was erroneous for the trial judge to temporarily enjoin the defendant from parking his automobile on the land involved.

*Judgment reversed. All the Justices concur.*