### 19804. LOWRY v. ROSENFELD.

HAWKINS, Justice. In *Lowry* v. *Rosenfeld,* 213 *Ga.* 60 (96 S. E. 2d 581), this court held that it was erroneous for the trial judge to temporarily enjoin Lowry from parking his automobile on land in front of signs erected by Rosenfeld, designating the area in question "Private—15 Min.—For Customers Only," because the undisputed evidence showed a dedication of the land involved, to the public, for parking and vehicular use. After the rendition of this decision, the defendant Lowry filed an amendment to the answer and cross-bill, alleging that, despite the holding of this court, the plaintiff had failed and refused to remove the parking signs which purport to limit the public to fifteen minutes' parking and to designate said property as private, and by this amendment sought to have the plaintiff restrained and enjoined from maintaining said signs. When the matter came on for hearing, substantially the same evidence was introduced that was set out in the previous opinion, and the only new evidence now before the court is the affidavits of Mrs. M. G. Kurfees and of the plaintiff himself.

Mrs. Kurfees deposed in effect that she has resided in the neigh-

borhood of the property involved for 20 years, and that within her knowledge she has never seen, observed, or heard of De-Kalb County or the DeKalb County authorities doing any repair work on the parking area in front of the stores located at 1220-1230 S. Oxford Road.

Rosenfeld, in his affidavit, says that he has been familiar with the property in question for a period of approximately 11 years as owner and tenant; that during this period "DeKalb County nor an employee or agent of said county nor any public works or construction crew of DeKalb County has repaired or patched or done any work upon the parking area between the stores known as and located at 1220, 1222, 1224, 1228, and/or 1230 S. Oxford Road and the roadway proper of S. Oxford Road"; that "as tenant and owner he did never solicit the assistance of the Druid Hills Sanitary District, its employees, or DeKalb County Sanitary Department or its employees in sweeping or cleaning the said parking area in question."

After the introduction of evidence by both parties and argument of counsel, the trial judge passed the following order: "The within case coming on for trial upon defendant's application for temporary injunction, and after hearing testimony and argument of both parties, the said prayer for temporary injunction is denied." The exception here is to this order of the trial court denying a temporary injunction to restrain the plaintiff from maintaining said signs to restrict parking time to fifteen minutes, as being contrary to law, contrary to evidence adduced at said interlocutory hearing, and as being an abuse of legal discretion vested in the trial judge. *Held:*

1. Counsel for the plaintiff (now defendant in error) contends that the two affidavits introduced by the plaintiff are directly in conflict with the affidavits introduced by the defendant (now plaintiff in error), and that this additional evidence makes an entirely different case, resulting in the rulings in the former case not being applicable to this case. With these contentions we cannot agree. Mrs. Kurfees, in her affidavit, does not deny that repair work was done on the parking area involved, but merely recites that she has "never seen, observed, or heard of DeKalb County or DeKalb County authorities doing any repair work upon the parking area" in question. This evidence, therefore, was of a negative nature, and insufficient to dispute or raise an issue as to the direct and positive statements made

by Messrs. Scott Candler and C. A. Cooper, which latter statements will not be repeated here, since they are incorporated in the previous opinion of this court in *Lowry* v. *Rosenfeld*, 213 *Ga.* 60, supra. Code § 38-111.

2. While counsel for the plaintiff (now the defendant in error) states in his brief that the plaintiff was not in position to contradict the testimony of the defendant at the first trial, no reason is offered for the plaintiff's failure to give at that hearing the same evidence he now gives by his affidavit, as recited in the foregoing statement of facts. While his testimony as given in this affidavit may be somewhat in conflict with the testimony presented by the affidavits of Messrs. Candler and Cooper as to whether DeKalb County has repaired, patched, or done any work upon the parking area involved for a period of 11 years immediately prior to the execution of the affidavit, he does not specifically deny that the parking area was swept and cleaned by DeKalb County Sanitary Department, and his testimony is vague and equivocal in that respect, and construed most strongly against him, does not deny that DeKalb County Sanitary Department did in fact sweep and clean the area as stated by Mr. Cooper in his affidavit. The affidavit of the plaintiff covers a period of the past 11 years only, and there is no denial or dispute as to the facts to which witnesses Cooper and Candler deposed, covering a period of 10 to 15 years prior thereto. Accordingly, the plaintiff's affidavit was ineffective as against the positive testimony in behalf of the defendant, showing "a dedication of the land involved, to the public, for parking and vehicular use, and that it had been used for such a length of time that the public accommodation or private rights might be affected by an interruption of the enjoyment," as was held in *Lowry* v. *Rosenfeld*, 213 *Ga.* 60, supra.

3. "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit." Code § 37-105. Accordingly, the trial judge abused his discretion and erred in denying the temporary injunction to restrain and enjoin the illegal maintenance by Mr. Rosenfeld of the signs attempting to restrict the use of said area. *Willingham* v. *Georgia Power Co.*, 193 *Ga.* 801 (20 S. E. 2d 83); *Goodrich* v. *Ga. R. & Bkg. Co.*, 115 *Ga.* 340

(2) (41 S. E. 659); *Noland* v. *Biggers,* 171 *Ga.* 627 (156 S. E. 266); *Hardy* v. *Thomas,* 208 *Ga.* 752 (69 S. E. 2d 609); *City of Blue Ridge* v. *Kiker,* 190 *Ga.* 206 (9 S. E. 2d 253).

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1957—DECIDED OCTOBER 15, 1957.

*James A. Mackay, Thomas O. Davis,* for plaintiff in error. *Sam G. Dettelbach,* contra.