## 23672. MOON v. CITY OF CONYERS.

ARGUED SEPTEMBER 13, 1966—DECIDED SEPTEMBER 22, 1966.

*Vaughn & Barksdale, C. R. Vaughn, Jr.,* for appellee.

MOBLEY, Justice. The City of Conyers by and through its mayor and aldermen seeks to enjoin the defendant, Mrs. Ethleen W. Moon, from placing obstructions in an alleged public street

of the City of Conyers, from interfering with the repair, maintenance and traffic control of said street, and from trespassing on said street. Defendant filed general and special demurrers to the petition filed by the city. The trial court overruled all of the general and special demurrers except one special demurrer. Petitioner thereupon amended its petition to meet this demurrer. Defendant renewed her demurrers, which the trial court overruled. Defendant filed her notice of appeal and enumeration of errors assigning error upon the orders overruling her demurrers to the original and to the amended petition.

(a) The city claims title to the street by an implied dedication of it to public use by its prior owner. The appellant contends that the petition fails to allege the essential elements of such dedication and thus fails to state a cause of action for injunction. In construing the statute governing the dedication of land, *Code* § 85-410, which states: "If the owner of lands, either expressly or by his acts, shall dedicate the same to public use, and the same shall be so used for such a length of time that the public accommodation or private rights might be materially affected by an interruption of the enjoyment, he may not afterwards appropriate it to private purposes," we held in *Lowry v. Rosenfeld*, 213 Ga. 60 (2) (96 SE2d 581) that "[T]here are two essentials for a valid dedication of land: (1) the owner must intend to dedicate it to a public use; and (2) there must be an acceptance of it by the governing authorities for the public use to which it was dedicated. The intention to dedicate need not be shown by an express declaration, but may be inferred from acquiescence in the public use of the property. Acceptance likewise need not be express, but if the property be improved and maintained by the authorized public authorities and used by the public for such a length of time that the public accommodation and private rights might be materially affected by an interruption of the enjoyment, the dedication is complete." In *City of LaFayette v. Walker County*, 151 Ga. 786, 791 (108 SE 218) it was held: "[I]ntention to dedicate may be inferred from acquiescence by the owner in the use of his land by the public, if the use be of such character as to clearly indicate that the public accepted the dedication to the public use." In *Adams v.*

*Richmond County*, 193 Ga. 42, 48 (17 SE2d 184) it was held that: "[A] frequent way of showing such acceptance by the public in the case of a road or street is to prove that the proper authorities assumed control over such road or street, as by having it worked, graded, or paved." Furthermore, as held in *Mayor &c. of Macon v. Franklin*, 12 Ga. 239, 244 (3): "[T]here is no particular form of making a dedication. It may be done in writing, or by parol; or it may be inferred from his acts, or implied, in certain cases, from long use. A grant is not necessary to create it."

Paragraph 3 of the petition alleges that "said city street is heavily traveled by the general public and has been in constant and continuous use by the City of Conyers for a period in excess of forty (40) years, and said city has during said period, constantly worked, graded and cared for the upkeep of same and has during said period paved same with city funds and constantly and continuously maintained same." Paragraph 5 of the petition alleges in part: "[T]hat said entire right of way has been in constant and continuous use by the citizens of Conyers and general public for a period of more than forty (40) years as herein above set forth as a city street, and is still being so used." Paragraph 7, as amended, alleges: "[T]hat in addition to said Park Circle having been used as a city street in the City of Conyers for a period of over forty (40) years and is still being so used, that portion of said street which defendant is now obstructing was being used by the general public as a public street prior to the time defendant became owner of adjoining property, defendant having owned adjoining property some 23 years, and was therefore dedicated by implication to public use by the prior owner thereof and accepted by the city as a public street, said acceptance being made manifest by the city working and keeping said street in repair." We hold that these portions of the petition clearly show an intention to dedicate the street to public use by its prior owner in that those allegations to the effect that the street had been used by the public for more than 40 years, had been so used some 17 years prior to the acquisition of adjoining property by the defendant and is still being so used, would support the inference that the

prior owner intended to dedicate the property to public use; and they show an acceptance of the street by the city by allegations that the street had been in continuous use by the city for over 40 years during which time the city has repaired and maintained it.

Contrary to the contention of defendant, petitioner is not required to set out in detail how and in what manner the street was being used by the general public as a public street. Nor is petitioner required to show the specific time or date when the street began to be used as a public street. The failure to allege any specific person who dedicated the property is immaterial since implied dedication is shown by acquiescence on the part of the prior owner of the property and of adjoining property owners in the public use of the property as a street.

(b) Appellant contends that the petition is defective in that it fails to allege exclusive control of the street by the city for any length of time. We hold that sufficient control over the street to show that the dedication was completed is shown by continuous use of the street for more than 40 years as a public street and by the maintenance and repair of the street by the city during this period of time. *Healey v. City of Atlanta*, 125 Ga. 736 (2, 3) (54 SE 749); *Tift v. Golden Hardware Co.*, 204 Ga. 654 (4) (51 SE2d 435).

*Judgment affirmed. All the Justices concur.*