## GREEN *vs.* BETHEA *et al.*

Where the owner of land through which a road passes has permitted it to be used for that purpose, he keeping up a gate at each end to protect his plantation, the public have only acquired a restricted prescriptive right; and to that extent, and with that qualification, are entitled to enjoy it.

In Equity, from Talbot county.    Decided by Judge WORRILL, at Chambers, 5th July, 1859.

This bill was filed by the plaintiff in error to restrain, by injunction, the defendants Bethea, Greer and Walker, as road commissioners, and Hawkins, as road overseer, appointed by them, from removing certain gates, erected across a certain road as plantation enclosures by plaintiff in error; also, to restrain McCurdy, a constable, from levying a *fi. fa.*, issued against plaintiff in error by said commissioners on account of said obstructions.

The bill alleges, that the plaintiff in error is the owner of the farm and lands on which he resides in said county, on a "prong of Lazar creek," about the mills once known as Carter's mills; that there is a road which is claimed to be a public road leaning from Talbotton by said mills, running through complainant's land. The complainant alleges that by placing two gates across said road, one on each side of the creek, he is thereby able to protect his farm from stock; but without them, the road runing as it does, would cause complainant great trouble and expense so to arrange his fence, water gaps, etc., as to protect his farm and crops from stock, owing to the high waters of the creek. For the purpose of such protection he did erect gates at the points indicated, the same being on his own land, which he insists he had a right to do, unless said road was a public one. One of these gates is on land owned by him for twenty years. He also alleges that the only order he can find establishing said road, was passed in 1847, and which is as follows:

"Ordered, that a public road be opened to lead from Talbotton by Carter's mill and across the Oak Mountain at Rushes' Gap to Flint Hill, as Marked out by John Howard, Wiley Robertson, and Archibald Helms. November 1st, 1847."

He further says, that for the past twelve years, as the necessities of his farm required it, he has put up fences, gates and the like across said road; and that at no time during the existence of the road has it remained open, and without being thus obstructed for the period of seven years continuously.

It is further alleged, that said Road Commissioners have issued a *fi. fa.* against complainant for the sum of $20 00 for thus obstructing said road, and which has been placed in the hands of said McCardy, constable, to be levied, etc.; and that said Commisioners have caused said gates, by the said overseer, to be removed; and that, on being replaced, the said parties are again about to remove them.

Complainant charges, that said road is not a legal road; that it runs through unclosed ground, and that the owner of the land has never been compensated for the land over which it runs.

The several defendants filed their answers, admitting most of the facts stated in the bill; they, however, deny the right of the complainant to obstruct the road, because, they say, said road has been used either as a private or public road for twenty years or longer; that the complainant can, by running a fence two hundred and fifty yards long, protect that part of his farm that lies between the gates from stock, and thus obviate the necessity of obstructing said road; and that with little cost and labor, he could so arrange his fence and water gaps as to protect him against high water, etc.

On filing their answers, the defendants moved to dissolve the injunction on the ground that the answers disposed of the equity in the bill.

On the hearing, the complainant read in support of his bill the affidavits of George N. Forbes and George W. Kellum, who stated they were near neighbors of complainant; and that complainant had frequently, as occasion required it, erected fences across said road; that he did so in 1853, when the fence remained up for several weeks, and that it was done at other times, also within the past seven years; and a part of each year for three or four years out of the last six years; that the complainant stated at the time that he did it to keep the hogs back, etc.

The Court, after hearing the motion, granted the same

and ordered the injunction to be dissolved, and counsel for complainant excepted.

BETHUNE, and SMITH & POU, for plaintiffs in error.

MATHEWS, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

This writ of error is prosecuted to reverse the judgment of the Court below in dissolving an injunction.

A road runs from Talbotton through Green's land, through the Gap in Oak Mountain to Flint Hill. It has been traveled for the last twenty years. Green, to protect his plantation, once kept a fence across the road. Subsequently, he erected a gate at each end of the road. In 1847, the Inferior Court of Talbot county passed an order declaring it a public road, but making no compensation to Green for this appropriation of his land to public use. He has continued ever since that time to keep up his gates, as his necessities might require.

Recently the Commissioners of Roads have proceeded by fine to compel him to remove the gates; and they have given orders to the overseers to cut them down. The bill was brought to restrain these proceedings.

It appears that the public have never, either before or since 1847, had the uninterrupted use of this road for seven years continuously. It further appears that the public never did enjoy other than a qualified use of the road. The public can take nothing by the Act of 1847, as it provides no compensation for Green. Their adverse possession under this illegal order even is not complete. Hence, they cannot claim upon that ground. They can only claim by prescription, and their prescriptive right is qualified, namely, that Mr. Green be permitted to keep up these gates for the protection of his property.

Our judgment, therefore, is, that the injunction be retained, and that so long as Mr. Green affords the facilities to the public which he does, that he should not and cannot be interrupted.