## MAYOR & COUNCIL OF SANDERSVILLE *v.* HURST.

A city is not liable for injuries resulting from the defective condition of a bridge over a road on private property, approached by a gate and in no way controlled by the city or open to the public. This is true although the bridge is within the corporate limits of the city.

Argued June 20, — Decided July 14, 1900.

Action for damages. Before Judge Hart. Washington superior court. September term, 1899.

*Rawlings & Hardwick*, for plaintiff in error.
*Evans & Evans*, contra.

SIMMONS, C. J. According to the charter granted in August, 1872, the corporate limits of the City of Sandersville describe a circle with a radius of one mile. The charter gives the mayor and council power to open new streets and to condemn land for this purpose. From the record it appears that there was a private plantation road running through a portion of the city and leading into the plantation of Mr. Rawlings. The city authorities adopted as a city street a portion of this road. The portion adopted extended to within forty or fifty yards of a bridge which had been erected by private persons over a small stream. The street accepted and adopted by the city authorities terminated at a certain cross-street. The balance of the road was never adopted by the city, and the owner of the premises, which were enclosed by a fence, had erected a gate across that part of the road which had not been accepted by the city, — between the bridge and the city street. Mrs. Hurst, an old lady, walked along the street and the road until she arrived at the stream.

The bridge had fallen into decay, and there were but two planks over which passengers could cross. Mrs. Hurst undertook to walk over these planks, when they tilted, throwing her into the stream and breaking her ankle. She brought suit against the city and the jury returned a verdict in her favor. A motion for a new trial was made and overruled. The city excepted.

The principal question argued here was whether the city was liable, under the facts stated, for the injuries sustained by the plaintiff. There was no evidence that the city authorities had ever accepted, by ordinance or otherwise, this part of the road on which the bridge was situated. There was no evidence that it had ever worked that part of the road or had erected or maintained this bridge. On the contrary the evidence showed that the city authorities had refused to recognize that part of the road as a street of the city. Application was made to them to furnish lumber to rebuild the bridge, and they refused to grant it. It also appeared that this bridge was on the private property of Mr. Rawlings, and that he had fenced it in and erected a gate near to the place where the city street terminated and between that point and the bridge. There is nothing in the charter of the city which compels the city authorities to open and keep in repair all roads within the corporate limits. The charter leaves that question to the discretion of the municipal authorities. The evidence showed that these authorities had never received, accepted, or adopted as a street that part of the road on which the bridge was situated. Therefore the city was not bound to keep either the road or the bridge in repair, and the city can not be held liable for injuries received by a person in consequence of the defective condition of the bridge. See *Parsons* v. *Atlanta University*, 44 *Ga.* 529; 2 Dillon, Mun. Corp. (4th ed.) § 1017. For the above reasons we think the court erred in refusing a new trial.

*Judgment reversed. All the Justices concurring.*