STANFIELD *et al. v.* BEASLEY, administrator.

ATKINSON, J.  On October 5, 1915, a sheriff executed a deed to certain purchasers at a tax sale of an eight-tenths undivided interest in a described tract of land that had been levied upon and sold under a fi. fa. issued against the estate of a deceased person for State and county taxes for the years 1912 to 1914, inclusive.  On December 12, 1916, one of the heirs at law of the deceased person instituted an equitable suit against the purchasers at tax sale, alleging a previous tender of the amount paid out by them, with ten per cent. added, and seeking to compel them to make to her and other named persons alleged to be owners of the land at the time of the tax sale a quitclaim deed to the land.  After several years delay the case came on for trial, and a general verdict was returned " in favor of the plaintiff," January 29, 1920.  A decree was rendered on this verdict, February 5, 1920, which provided " that upon the payment by the plaintiff to the defendants, . . within the next ten days," of stated amounts, all right, title, and interest in the property sold for taxes be revested in the plaintiff and the other named persons alleged to be owners at the time of the sale; also that the sheriff's deed be canceled and the defendants be required to execute a quitclaim deed to the persons above indicated.  The defendants made a motion for a new trial during the term.  A new trial was refused, October 2, 1920.  Subsequently an administrator was appointed for the estate, and he advertised the property for sale.  The purchasers at tax sale, who were defendants in the equity suit, interposed a statutory claim to the property at the administrator's sale, October 5, 1921.  On the trial of the claim case the claimants introduced the sheriff's deed and copies of certain portions of the record in the equity suit, including the petition as amended, answer, demurrer, verdict, decree, and the order refusing a new trial, but not the motion for a new trial, or any other order entered thereon; also testimony to the effect that the plaintiff in that case did not comply with the provision in the decree with reference to payment " within the next ten days," and had never paid or tendered the amount.  The administrator introduced evidence tending to show a tender of the money " about five days " after the motion for a new trial was overruled, and subsequent continuing tenders.  The alleged tenders included a certain check.  As to this the claimant, to whom it was stated the tender was made, testified that he would be satisfied with the check, but that it had never been tendered to him.  A general verdict was returned in favor of the administrator.  The claimants made a motion for a new trial, which being overruled, they excepted.  *Held:*

1. The filing of a motion for a new trial without an order by the court expressly granting a supersedeas will not operate to supersede or suspend a decree entered on the verdict sought to be set aside.  Civil Code (1910), § 6081.

2. The provision of the decree requiring payment of the specified sums " within the next ten days " means ten days from the date of the decree. This provision creates a condition, performance of which by the plaintiffs was necesary to perfect their title.

3. The burden of proof generally lies upon the party asserting or affirming a fact, and to the existence of whose case or defense the proof of such fact is essential. If a negation or negative affirmation be so essential, the proof of such negative lies on the party so affirming it. Civil Code (1910), § 5746. As the title of the plaintiffs in the decree depended upon performance of the condition, it was material to the administrator's case to show performance of the condition. He could do this by showing payment or tender of payment within ten days after the date of the decree, but not after such time unless the judge granted a supersedeas on the motion for a new trial. Where the question of performance in time depends on the existence of a supersedeas, the burden rests on the administrator to prove that fact.

4. There was no evidence that a supersedeas was granted; and it was erroneous to admit testimony as to tender and refusal after expiration of the ten days (as provided in the decree) of the amount required to be paid, over the objection that the testimony was irrelevant. It was also erroneous to charge the jury, in effect, that tender of payment after such time would be sufficient if made within ten days after the motion for new trial was overruled, or within ten days after expiration of the time in which the respondents had a right to except to the judgment refusing a new trial.

5. As the judgment will be reversed on account of errors pointed out in the preceding note, no ruling will be made on the sufficiency of the evidence to authorize the verdict.

*Judgment reversed. All the Justices concur.*
No. 3601. NOVEMBER 24, 1923.

Claim.· Before Judge Sheppard. Tattnall superior court. January 6, 1923.

*C. L. Cowart,* for plaintiffs in error.
*H. H. Elders* and *W. G. Warnell,* contra.