## BENNETT *v.* DICKEY & MARTIN.

GILBERT, J. The discretion of the trial judge in granting or refusing an injunction at the interlocutory hearing, where the evidence is conflicting, will not be interfered with unless it is made to appear that there was an abuse of discretion. In this case it does not appear that the discretion of the trial judge was abused.

*Judgment affirmed. All the Justices concur.*

No. 4406. NOVEMBER 15, 1924.

Petition for injunction. Before Judge Summerall. Coffee superior court. December 29, 1923.

Mrs. J. E. Bennett filed an equitable petition seeking to restrain Dickey & Martin, their agents, servants, employees, attorneys, and confederates, from proceeding to foreclose a deed to secure a debt, "either under the power of sale therein contained, or in the ordinary manner provided by law." The petition alleges, that on February 4, 1920, the husband of petitioner purchased from defendants a mule for which he gave his note for $425, secured by a mortgage on the mule; that on the date named the defendants stated to petitioner that it would be necessary for her to become responsible for

the purchase-price of the mule sold to her husband, and by persuasion and insistence caused petitioner to execute her note secured by a mortgage on said mule to take up the note of her husband; that petitioner had never purchased any property from defendants; that she had never authorized her husband to purchase said mule for her account; that upon the maturity of the note petitioner advised the defendants that it was not her obligation, but was the obligation of her husband, and that they should look to him for payment; that she had no further notice of any claim by the defendants against her on account of said note until March 3, 1923, when they made demand for payment of the principal with interest; that she again advised defendants that the note was the obligation of her husband and not herself; that defendants threatened to bring suit unless petitioner would secure said note; that petitioner, wishing to avoid suit and not knowing what else to do, executed to defendants a deed to secure debt, covering one hundred acres of described land, containing a power of sale; that defendants are proceeding to exercise the power of sale; that the original note, having been executed by petitioner for her husband's debt, is void and of no binding force, as is also the deed to secure debt, and each should be canceled; that the defendants are wholly insolvent and are nonresidents; that unless restrained by injunction they will sell and dispose of said property, to the irreparable injury and damage of petitioner; and that she has no adequate legal remedy.

The answer of the defendants set up that the mule in question was sold to the petitioner and not to her husband, and that she knew defendants would not extend credit to her husband; and denied the allegations of insolvency and that petitioner would be injured by the exercise of the power of sale.

The evidence offered by petitioner on the hearing was to the effect that early in the year 1920 her husband purchased from defendants a mule for which he gave his note for $325; that she had never authorized him to purchase any animal from the defendants, and had never bought anything from them; that this mule proved unsatisfactory, and was exchanged by her husband with the defendants for another, upon the agreement of her husband to pay $100 additional; that at the time of the exchange the defendants stated to the husband that they were unable to procure the original note from the bank where it was kept, but that within

two or three days they would go to his home and procure the execution of the note for $425; that the defendants did go to the home of petitioner, in the absence of her husband, and, after stating to her that they held her husband's note for $325 which they had accepted for the first mule, induced her to execute a note and mortgage covering the last mule for $425, which she agreed to do with the understanding that it was for her husband's debt and that the mortgage would include only the property purchased by him from defendants; that she heard nothing further from the matter until March 3, 1923, when the defendants came to her home and requested that she make a renewal of the note in order that the same might be extended for an additional term; that she was inexperienced in the execution of mortgages, liens, and other instruments and could not tell from an examination of the instrument as to its character or effect, and she signed the instrument presented by the defendants, which they stated was merely a renewal of the first note given by her for the debt of her husband, when as a matter of fact it was a deed covering the land belonging to petitioner; that while the name of petitioner's husband appears as a witness upon said deed, he was not present and did not witness the execution and delivery of the same; that his signature was affixed after the signature of petitioner for the purpose, as he understood upon representations of defendant, of becoming joint maker of a renewal of the note for $425.

The evidence offered by the defendants was to the effect that they were amply solvent, and that the sale of the mule was made to Mrs. Bennett and not to her husband. The court refused to grant an interlocutory injunction, and error was assigned upon that judgment.

*R. A. Moore,* for plaintiff.   *R. B. Chastain,* for defendants.