MORGAN et al. v. SHIRLEY, ordinary.

ATKINSON, J. 1. The commissioners of roads and revenues of the various counties of this State are required under the law, in building, repairing, and working the public roads, to so build and repair them that ordinary loads with ordinary ease and facility can be continuously hauled over such public roads. Civil Code (1910), § 5441; *Terry* v. *Wade*, 149 *Ga.* 580(2) (101 S. E. 539); *Commissioners of Sumter County* v. *McMath*, 138 *Ga.* 351 (5) (75 S. E. 317).

2. "If the owner of lands, either expressly or by his acts, dedicates the same to public use, and the same is so used for such a length of time that the public accommodation or private rights might be materially affected by an interruption of the enjoyment, he can not afterward appropriate it to private purposes." Civil Code (1910), § 4171.

3. This is the second appearance of this case in the Supreme Court. In *Shirley* v. *Morgan*, 170 *Ga.* 324 (4) (152 S. E. 831), it was held: "There may be an implied dedication where it appears that the property has been in the exclusive control of the public for a period long enough to raise the presumption of a gift. Where such intention to dedicate is shown by a maintenance of the highway for such a length of time, which may be less than twenty years, a dedication of the completed highway will be implied. *Healey* v. *Atlanta* [125 *Ga.* 736, 54 S. E. 749]. The evidence was not sufficient to establish an implied dedication for a period of less than twenty years by all of the owners of the land through which the highway and the bridge site extended. The court erred, therefore, in overruling the general grounds of the motion for a new trial. *Gaines* v. *Dyer*, 128 *Ga.* 585 (58 S. E. 175); *Johnson* v. *State*, 1 *Ga. App.* 195, 200 (58 S. E. 265)."

4. On the subsequent trial the plaintiff introduced additional evidence tending to show that the owners of the land assented to the opening of the road and construction of the former bridge by the county, and that the road was maintained by the county as a public road for a number of years and used by the public. Such additional evidence, taken in connection with the other evidence in the case, was sufficient to support a finding by the jury that the road in question, including the bridge site, had been acquired by the county.

5. The judge erred in granting a nonsuit.

*Judgment reversed. All the Justices concur.*

No. 8131. MAY 14, 1931.

730

*H. B. Moss* and *G. B. Walker,* for plaintiffs.
*J. P. Brooke,* for defendant.