THOMPSON *v.* MUTUAL INVESTMENT CORPORATION *et al.*

No. 12795.  JUNE 15, 1939.  REHEARING DENIED JULY 14, 1939.

*C. G. Battle,* for plaintiff.

*Roy S. Drennan, Roland Neeson,* and *Clarke & Clarke,* for defendants.

BELL, Justice. The exception is to the refusal of an interlocutory injunction. The petition alleged substantially the following: After the plaintiff had foreclosed a second security deed held by her upon described property, two of the defendants agreed to pay her a stated sum in settlement of her equity if she would not redeem the property from a prior security deed, and would permit these defendants to purchase the rights of the holder of such prior deed and to foreclose this deed without interference on her part. The plaintiff faithfully performed her part of the agreement, but after such foreclosure by which her equity became divested, these defendants failed and refused to pay the amount agreed upon or any part of the same. The defendants are insolvent, and their promise was not made in good faith, but was a fraudulent scheme and device to defeat the plaintiff's claim, and was the result of conspiracy entered into by the defendants for that purpose. After the foreclosure of such prior security deed, the property was conveyed to another person to secure a loan, but the lender knew of the original fraud and conspiracy, and took the security subject to the plaintiff's rights. This lender and another person were added as parties defendant, by amendment. The plaintiff prayed for can-

cellation of the foreclosure under the first security deed and of all subsequent deeds and transfers, and for injunction and other relief. Upon the interlocutory hearing the evidence was in conflict as to the making of the agreement alleged by the plaintiff, and as to alleged insolvency and conspiracy, even if not actually insufficient to prove either of these latter allegations. Under this evidence, regardless of other questions, it can not be said that the judge abused his discretion in refusing an interlocutory injunction. *Holland Pecan Co.* v. *Brown*, 177 *Ga.* 525 (170 S. E. 357); *Vickers* v. *Gainesville*, 177 *Ga.* 793 (171 S. E. 299).

*Judgment affirmed. All the Justices concur.*