BYRD *v.* WELLS.

No. 13398. NOVEMBER 29, 1940.

*Ezra E. Phillips,* for plaintiff in error.   *E. Harold Sheats,* contra.

ATKINSON, Presiding Justice. █   In a suit for divorce it was alleged that "the defendant resides out of the State of Georgia, and her last known place of abode was Chicago, in the County of Cook, State of Illinois," and there was a prayer for service by publication. Upon this petition the judge ordered service by publication, "and that citation issue in due form of law and publication be had, citing the defendant" to be and appear at the term of court to which the suit was returnable. After sufficient time had elapsed for the prescribed publication and before the term, the judge passed another order: "It appearing that citation was issued and that the same was published twice a month for two months prior to the November term, 1918, of this court, in manner and form as provided by law, and that a copy of said citation was mailed to the defendant, Irene Byrd, at her last known place of abode, to wit, Chicago, in the County of Cook, State of Illinois, it is considered, ordered, and adjudged that service of process be and the same is hereby declared perfected by publication." At the foot of the order are the words: "OK J. C. Lewis, D. C." *Held,* that the recitals of the last order are presumed to be true, and are sufficient to show compliance by the clerk with the law as relates to the matters mentioned in the order; and there was no error at the interlocutory hearing in admitting the divorce proceedings in evi-

dence, over the objection "that it did not show jurisdiction in the court to grant the same, because it did not show jurisdiction to pass the order . . declaring service perfected, because there was no record of any entry by the clerk on the petition or other writ that he had mailed a marked copy of the published notice to the defendant at her last known address, . . and that in the absence of such entry the record itself failed to disclose jurisdiction to pass the order declaring service perfected and that a marked copy had been mailed as required by law."

■ The defendant introduced her own affidavit, affirming that at the time of institution of the divorce suit she was not a resident of Cook County, Illinois, as alleged in the petition, but was a resident of Fulton County, and known to be such by Solomon Byrd at the time he instituted the suit for divorce. A witness for the plaintiff testified that defendant "left Solomon Byrd (libelant), and did not thereafter live with him; . . that after the separation of Irene Henry Byrd from Solomon Byrd, the said Irene Henry Byrd left Atlanta and went to Chicago, Illinois, where she made her home." *Held*, that in view of this conflict in the evidence the discretion of the judge in granting a temporary injunction will not be disturbed.

*Judgment affirmed. All the Justices concur.*