## BALLARD *v.* WAITES.

No. 14231. SEPTEMBER 15, 1942.

W. H. Key and M. F. Adams, for plaintiff.

S. H. Baynes, for defendant.

JENKINS, Justice. 1. In dealing with interlocutory injunctions the Code declares: "The granting and continuing of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case. The power shall be prudently and cautiously exercised, and except in clear cases should not be resorted to." § 55-108. If the chancellor in refusing an injunction bases his refusal on the fact that the evidence was in conflict, and it appears that the evidence was in fact in conflict, or if the chancellor, in a case where the evidence was in fact in conflict, enters a mere general judgment granting or refusing an injunction, this court will not in either case reverse the judgment, entered in the exercise of such discretion. *Polite* v. *Williams,* 147 *Ga.* 820 (95 S. E. 674); *Bennett* v. *Dickey,* 159 *Ga.* 267 (125 S. E. 455); *Thompson* v. *Mutual Investment Corporation,* 188 *Ga.* 476 (4 S. E. 2d, 44); *Byrd* v. *Wells,* 191 *Ga.* 265 (2), 267 (11 S. E. 2d, 887); *Jones* v. *Lanier Development Co.,* 188 *Ga.* 141, 145 (2 S. E. 2d, 923).

2. Where, however, an injunction is granted or refused on an erroneous interpretation of the law, the rule giving effect to the chancellor's discretion on issues of fact, so that an affirmance would be required where the evidence as to the facts is conflicting, will not be given application. *Chestatee Pyrites Co.* v. *Cavenders Creek Gold Mining Co.,* 118 *Ga.* 255 (45 S. E. 267); *Hill* v. *Wadley Southern Ry. Co.,* 128 *Ga.* 705 (7) (57 S. E. 795); *Stribbling* v. *Ga. Ry. & Power Co.,* 139 *Ga.* 676 (3), 687 (78 S. E. 42); *Marion County* v. *McCorkle,* 187 *Ga.* 312 (2) (200 S. E. 285).

3. If the evidence for the complainant and that for the defendant "be in practical equipoise, the injunction should be granted or refused according to the peculiar circumstances of the particular case. There should be a balance of conveniences, and a consideration whether greater harm might result from refusing than from granting the relief prayed for." *Everett* v. *Tabor,* 119 *Ga.* 128, 130 (46 S. E. 72).

4. Applying the foregoing rules to the facts of the instant case,

while it appears that the judge exercised his discretion in determining the weight of the evidence by adjudicating, that, "the evidence in this case being very conflicting, the court is of the opinion that the evidence is equally strong on each side," he further held "that the burden rests upon the plaintiff to prove his case by a preponderance of evidence; and that not being done, the court hereby dissolves" the restraining order and denies the injunction on certain conditions stated in the order. It thus appears that the judge has in effect erroneously held that in a case where the evidence was equally balanced he was without power, as a matter of law, to exercise his discretion in the grant or refusal of the injunction. This being true, his judgment refusing an injunction, not as a matter of discretion but as a matter of law, must be reversed, and the case remanded in order that he may, under such a state of facts, exercise his discretion in determining whether the injunction shall or shall not be granted.

5. "This court sits to review *rulings* of the trial courts, and it will not pass upon questions on which no ruling has ever been made by the trial judge." *Bourquin* v. *Bourquin*, 110 *Ga.* 440, 442 (35 S. E. 710); *Haynes* v. *Thrift Credit Union*, 192 *Ga.* 229 (3), 233 (14 S. E. 2d, 871); *Blount* v. *Metropolitan Life Insurance Co.*, 190 *Ga.* 301, 304 (9 S. E. 2d, 65). The order of the trial judge specifically showing that the case was determined solely on the erroneous construction of law with respect to the discretionary powers of the judge in a case where the evidence was equally balanced, this court will not pass upon other questions of law which have not been adjudicated in the trial court. See, in this connection, *McKenzie* v. *Emanuel Farm Co.*, 160 *Ga.* 848 (2) (129 S. E. 89); *Harrison* v. *Fulton County Board of Health*, 185 *Ga.* 624, 625 (195 S. E. 864).

*Judgment reversed. All the Justices concur.*