## HYDE *v.* CHAPPELL, commissioner.

No. 14261.   SEPTEMBER 22, 1942.

540

*J. L. Smith,* for plaintiff.   *Boykin & Boykin,* for defendants.
DUCKWORTH, Justice. ■ The first special ground is predi-

cated upon the theory that the defendant has filed an affirmative plea, and that when the plaintiff has made out a prima facie case the burden is shifted to the defendant to sustain that plea by a preponderance of the evidence. No complaint is made of the general charge upon the subject of the burden of proof, which is that the burden rests upon the plaintiff to prove his case as alleged, by a preponderance of the evidence. If a negation or negative affirmation is essential to the case, the burden of proof of such negative lies on the party so affirming it. Code, § 38-103; *Conyers* v. *State,* 50 *Ga.* 103 (15 Am. R. 686); *Stanfield* v. *Beasley,* 156 *Ga.* 823 (3) (120 S. E. 318); *Brown* v. *Parks,* 173 *Ga.* 228 (2) (160 S. E. 238). In *Dunn* v. *Meyer,* 193 *Ga.* 91 (2), 100 (17 S. E. 2d, 275), it was said: "The petition attempts to negative waiver. The plaintiff's evidence and evidence agreed to by him shows a waiver. Under these circumstances, as stated in the rule above quoted, 'no special plea is requisite to make the evidence available for [the] defense.'" In the case at bar the plaintiff, in order to make out a claim to the land involved, need not have pleaded facts designed to negative the defendant's title, but in paragraph 5 of his petition he alleges that the building in question is located upon his own land, and "is not located on any right of way, roadway belonging to the county, or any right of way or roadway that has been legally laid out by said county." The answer denied this allegation of the petition, and alleged maintenance and use by the public for more than twenty years; but the answer did not on that account constitute a special plea. In the condition of the pleadings the burden was upon the plaintiff, as charged; and the failure to charge on the shifting of the burden was not error, as contended. Had the burden shifted to the defendant as contended, if the plaintiff was not satisfied with the general charge on the subject of the burden of proof, it was incumbent upon him to make timely written request to charge on the shifting of the burden, if he desired such charge. *Hawkins* v. *Davie,* 136 *Ga.* 550 (71 S. E. 873); *Albany Warehouse Co.* v. *Hillman,* 147 *Ga.* 490 (94 S. E. 569). This ground is without merit.

■ The other two special grounds involve substantially the same questions as are involved in the general grounds, and all of those grounds will be considered together. "If the owner of land dedicates land for use as a public road, the county authorities can,

in their discretion, accept it for a public road and open a public road over it, without any petition being filed therefor, notice published, or even any order to that effect." *Penick* v. *County of Morgan,* 131 *Ga.* 385, 389 (62 S. E. 300). See *Lee County* v. *Smithville,* 154 *Ga.* 550 (2) (115 S. E. 107). It was held in *Penick* v. *County of Morgan,* supra, that evidence that the county authorities had worked the road was admissible for the purpose of showing that the public exercised dominion thereover. This ruling was not violated in *Murphy* v. *Central of Georgia Railway Co.,* 135 *Ga.* 194 (69 S. E. 117), where it was held that evidence that convicts worked the road was inadmissible, on the ground that at that time convicts were leased to private parties, and that their work on a road was no indication that the public or county authorities were having the work done. There are two essentials for a valid dedication: (1) the owner must intend to dedicate; and (2) there must be an acceptance by the public authorities of the property for the public use for which it is dedicated. The intention to dedicate need not be shown by an express declaration, but may be inferred from acquiescence in the public use of the property. Acceptance likewise need not be express, but if the road be used and worked by the public for such a length of time that the public accommodation and private rights might be materially affected by the interruption of the enjoyment, the dedication is complete. *Mayor &c. of Sandersville* v. *Hurst,* 111 *Ga.* 453 (36 S. E. 757); *Georgia Railroad & Banking Co.* v. *Atlanta,* 118 *Ga.* 486 (45 S. E. 256); *Kelsoe* v. *Oglethorpe,* 120 *Ga.* 951 (2) (48 S. E. 366, 102 Am. St. R. 138); *Southern Railway Co.* v. *Combs,* 124 *Ga.* 1004 (53 S. E. 508). In *Healey* v. *Atlanta,* 125 *Ga.* 736 (54 S. E. 749), the evidence was held insufficient. That evidence, however, showed that the land was used by only a part of the public, and for a period of less than twenty years; and there was no evidence that the road was ever worked or maintained by the public. In the present case there is evidence that the owner, John Carroll, knew and was willing that the road be maintained and used by the public. There was an abundance of evidence that it had been so maintained and used for more than twenty years. This evidence was sufficient to authorize a finding that the land had been dedicated and accepted, or that title by prescription had been acquired by public maintenance and use for a period of more than twenty years.

It is obvious that the public accommodation and private rights would be materially affected by interruption of the enjoyment of this road which has been so maintained and used. Possession, use, and upkeep by the public as a highway for twenty years ripens into prescriptive title. *Shirley* v. *Morgan,* 170 *Ga.* 324 (3) (152 S. E. 831). See Code, §§ 85-406, 85-407, 85-409, 85-410.

The charge complained of in special ground 2 expressly stated that to constitute a dedication there must be consent on the part of both the owner and the public, and that "If it is used with the consent of both parties, it immediately becomes a public highway." This language could have reference only to the owner and the public, since they constitute the two parties, and only two parties, to such a dedication. The charge was not subject to any of the criticism made.

Special ground 3 shows that the judge properly instructed the jury as to the provisions of law relating to the width of first, second, and third-class roads, and that he properly instructed them as to the provisions of law requiring maintenance and use for the required periods of time for such highways in order to acquire title by prescription. It is not required, in the absence of a request, to go further and charge that such general public use must not exceed the respective widths of thirty, twenty, and sixteen feet, and that the location of such roads must not be changed during the prescriptive period. The charge, having stated what the required width of the road must be, and that this and not some other road must be maintained and used for the required period, was sufficient, and the court did not err in failing to charge as the plaintiff contends should have been charged. In the absence of anything to the contrary, a public road will be presumed to be thirty feet in width. *Browne* v. *Benson,* 163 *Ga.* 707 (2) (137 S. E. 626). Here a large number of witnesses testified that the particular area covered by the old building as placed by plaintiff is now and has been for more than twenty years a public road. It is immaterial to a decision in the present case whether that road be sixteen, twenty, or thirty feet in width; for in either case it is the property of the public, and the plaintiff has no right to obstruct it by placing the old building therein. True, as plaintiff's counsel argue, there was evidence that roads in this locality had been shifted from location to location throughout the years; but many witnesses

testified that this road had been located at this identical point for periods varying from twenty to forty-five years. The evidence supported the verdict, and the charge was not subject to any of the criticisms presented.

*Judgment affirmed. All the Justices concur.*