MADDOX *et al. v.* WILLIS *et al.*

DUCKWORTH, Chief Justice. 1. "To sustain an application for the removal of obstructions from an alleged private way, the right to which is based upon prescription by seven years user, it is essential that the applicant show not only that he has been in the uninterrupted use thereof for seven years or more, that it does not exceed fifteen feet in width, and that it is the same fifteen feet originally appropriated, but that he has kept it open and in repair during such period." *Johnson* v. *Sams,* 136 *Ga.* 448 (2) (71 S. E. 891). See also *Rogers* v. *Wilson,* 171 *Ga.* 802 (4) (156 S. E. 817); *First Christian Church* v. *Realty Investment Co.,* 180 *Ga.* 35 (178 S. E. 303); *Hall* v. *Browning,* 195 *Ga.* 423 (24 S. E. 2d, 392).

(a) The evidence not showing that the petitioners had at any time made repairs to the alleged fifteen-foot alley as to which they claimed a prescriptive right of user, they were not entitled to have removed, under the Code, § 83-112, an obstruction which had been placed by the defendant in the alleged fifteen-foot alley.

2. "A public street or public alley may come into existence by dedication, but such dedication to public use is not complete until two things appear: 1. An intention on the part of the owner to dedicate his property to the public use. 2. An acceptance on the part of the public of the property for such use. *Parsons* v. *Trustees,* 44 *Ga.* 529; *Hyde* v. *Chappell,* 194 *Ga.* 536, 542 (22 S. E. 2d, 313)." *Savannah Beach, Tybee Island* v. *Drane,* 205 *Ga.* 14 (1) (52 S. E. 2d, 439).

3. Acceptance need not be express, but if a street or alley be used and worked by the public for such a length of time that the public accommodation and private rights might be materially affected by the interruption of the enjoyment, the dedication is complete. *Healey* v. *Atlanta,* 125 *Ga.* 736 (54 S. E. 749); *Hyde* v. *Chappell,* supra. See also, as to proof of acceptance by a municipality by the exercise of control over the street or alley by working it, etc., *Savannah Beach, Tybee Island* v. *Drane,* supra, and cases cited.

4. Dedication and use by the public would not of themselves make a street or alley a public way so as to charge the municipality with the burden of repairs and maintenance and liability for injuries sustained by reason of the defective condition of such way, unless the dedication is accepted by the proper municipal officials or there is evidence of recognition of such way as a public one. *Savannah Beach, Tybee Island* v. *Drane,* supra, and cit.

5. In an application for an interlocutory injunction there should be a balancing of conveniences and a consideration of whether greater harm might be done by refusing than by granting the injunction. *Everett* v. *Tabor,* 119 *Ga.* 128 (4) (46 S. E. 72); *Jones* v. *Lanier Development Co.,* 188 *Ga.* 141 (2 S. E. 2d, 923); *Ballard* v. *Waites,* 194 *Ga.* 427, 429 (3) (21 S. E. 2d, 848).

6. An encroachment upon a public alley or street of a municipality is a public nuisance, and one who is specially injured thereby may proceed in his own name to enjoin such encroachment. *Savannah Railway Co.* v. *Gill,* 118 *Ga.* 737 (3) (45 S. E. 623); *Hendricks* v. *Jackson,* 143 *Ga.* 106 (1) (84 S. E. 440); *Holman* v. *Athens Empire Laundry Co.,* 149 *Ga.* 345, 349 (100 S. E. 207); *Moon* v. *Clark,* 192 *Ga.* 47, 50 (14 S. E. 2d, 481).

7. Upon application of the foregoing principles of law, under the evidence as to dedication and acceptance of the passageway in question, its use by the public for more than thirty years, and as to the public accommodation and private rights being materially and adversely affected by the interruption of the enjoyment of such use, and as to the recognition by the city officials of such passageway as a public one by causing it to be worked and repaired from time to time over a period of many years, the trial judge abused his discretion in refusing to grant an interlocutory injunction against the obstruction of such passageway by the defendants in the construction of a building then in process and the piling of building materials within such passageway.

(a) The fact that to prevent obstruction of the passageway the defendants would incidentally be required to remove a small fragment or portion of a brick foundation wall already laid in the passageway would not make the injunction here sought mandatory in nature. *Westbrook* v. *Comer,* 197 *Ga.* 433 (6-a) (29 S. E. 2d, 574).

*Judgment reversed. All the Justices concur.*

No. 16657. June 15, 1949. Rehearing denied July 14, 1949.

598

600

606

*W. H. Miller* and *J. C. Hale,* for plaintiffs.
*Conger & Conger* and *Custer & Kirbo,* for defendants.