18341. HUDSPETH, Trustee, *v.* COUNTY OF EARLY *et al.*

ARGUED SEPTEMBER 15, 1953—DECIDED JANUARY 12, 1954—
REHEARING DENIED FEBRUARY 11, 1954.

390

*Custer & Kirbo, Vance Custer, Phillip Sheffield,* for plaintiff in error.

*Stone & Stone,* contra.

HEAD, Justice. The act creating a Board of County Commissioners of Early County, approved March 24, 1933 (Ga. L. 1933, p. 515 et seq.), provides in section 9, with reference to the duties of the superintendent of roads: "He shall have charge of laying out, building, repairing, improving, and maintaining the public roads and bridges of the county under orders of the board

of county commissioners." In section 10 of the act it is provided that the board of county commissioners has exclusive jurisdiction "in establishing, altering or abolishing roads, private ways, bridges, ferries, according to law." It is further provided in section 10 that the board shall "have and exercise all of the powers which are by the Constitution and laws of Georgia vested in ordinaries when sitting for county purposes." The language quoted from the act creating the Board of County Commissioners of Early County is sufficiently broad to authorize the commissioners to direct the County Road Superintendent to remove an obstruction from a public road. See *Hardy* v. *Prather*, 208 *Ga.* 764 (69 S. E. 2d 269).

In the present case the petition alleged that the Gilbert Landing Road is a private road. This allegation was denied by the defendants in their answer. At the hearing before the trial judge on the application for interlocutory injunction, there was no evidence tending to show that the road had been established as a public road by an act of the General Assembly or by an order of the ordinary or other authority having charge of county affairs. See Code § 95-101. The sole question for determination by this court is whether or not the testimony introduced would be sufficient to authorize a finding that the Gilbert Landing Road became a public road by either dedication or prescription. If the evidence on this question was in conflict, and if there was any evidence sufficient under our law to show a public road by dedication or prescription, the discretion of the trial judge in denying the interlocutory injunction should not be disturbed. *Thompson* v. *Mutual Investment Corporation*, 188 *Ga.* 476 (4 S. E. 2d 44); *Byrd* v. *Wells*, 191 *Ga.* 265 (11 S. E. 2d 887); *Moon* v. *Clark*, 192 *Ga.* 47, 51 (14 S. E. 2d 481).

On the question as to whether or not a public road was established by dedication or prescription, there is no substantial or material conflict in the evidence. It clearly appears that on one occasion the road authorities of Early County worked on the road at the instance of the petitioner, and that on another occasion they did some work, which was discontinued at the petitioner's request. The testimony of Bennett Smith, a witness for the defendants, is substantially in accord with the testimony of the petitioner, that work was done on the road by the county au-

thorities on two occasions. There is no material contradiction of the petitioner's testimony with reference to the condition of the road, or of his testimony that one or more gates have been in existence on the road as far back as any witness has any recollection of the use of the road by the public.

This court has many times stated the rules essential to show the establishment of a public road by dedication or prescription. See *Georgia R. & Bkg. Co.* v. *City of Atlanta*, 118 *Ga.* 486 (45 S. E. 256); *Southern Ry. Co.* v. *Combs*, 124 *Ga.* 1004 (53 S. E. 508); *Healey* v. *City of Atlanta*, 125 *Ga.* 736 (54 S. E. 749); *McCoy* v. *Central of Ga. Ry. Co.*, 131 *Ga.* 378 (62 S. E. 297); *Penick* v. *Morgan County*, 131 *Ga.* 385 (62 S. E. 300); *Louisville & Nashville R. Co.* v. *Hames*, 135 *Ga.* 67 (68 S. E. 805); *Mayor &c. of Savannah* v. *Standard Fuel Supply Co.*, 140 *Ga.* 353 (78 S. E. 906, 48 L. R. A. (NS) 469); *Lee County* v. *Mayor &c. of Smithville*, 154 *Ga.* 550 (115 S. E. 107); *Shirley* v. *Morgan*, 170 *Ga.* 324 (152 S. E. 831); *Morgan* v. *Shirley*, 172 *Ga.* 727 (158 S. E. 581); *Atlantic Coast Line R. Co.* v. *Donalsonville Grain &c. Co.*, 184 *Ga.* 291 (191 S. E. 87); *City of Rome* v. *First Nat. Bank*, 188 *Ga.* 279 (3 S. E. 2d 653); *Dunaway* v. *Windsor*, 197 *Ga.* 705 (30 S. E. 2d 627); *Savannah Beach, Tybee Island* v. *Drane*, 205 *Ga.* 14 (52 S. E. 2d 439); *Garner* v. *Mayor &c. of Athens*, 206 *Ga.* 815 (58 S. E. 2d 844).

The rule with reference to dedication is stated in *Hyde* v. *Chappell*, 194 *Ga.* 536 (22 S. E. 2d 313), at page 542, as follows: "There are two essentials for a valid dedication: (1) the owner must intend to dedicate; and (2) there must be an acceptance by the public authorities of the property for the public use for which it is dedicated. The intention to dedicate need not be shown by an express declaration, but may be inferred from acquiescence in the public use of the property. Acceptance likewise need not be express, but if the road be used and worked by the public for such a length of time that the public accommodation and private rights might be materially affected by the interruption of the enjoyment, the dedication is complete." (See cases cited.)

The only testimony in the present case of any use of the road by the general public within recent years is that of Claude Sawyer, that he used the road for "catfishing," and that on

Thursday and Sunday afternoons a number of people did pleasure riding over the road. Whether or not this would amount to such use by the public that the public accommodation and private rights might be materially affected should the road be closed entirely need not be determined. Under all of the evidence in this case, it falls squarely within the rule stated by this court in *Green* v. *Bethea*, 30 *Ga.* 896, wherein it was said: "Where the owner of land through which a road passes has permitted it to be used for that purpose, he keeping up a gate at each end to protect a plantation, the public have only acquired a restricted prescriptive right: and to that extent, and with that qualification, are entitled to enjoy it." In the opinion the court said that "the public never did enjoy other than a qualified use of the road," and that the prescriptive right of the public is qualified, in that the plaintiff "be permitted to keep up these gates for the protection of his property," and that the injunction be retained against the commissioners, restraining them from interfering with the maintenance of the gates. See also *Savannah F. & W. R. Co.* v. *Gill*, 118 *Ga.* 737, 748 (45 S. E. 623).

In the present case there is no conflict in the testimony that, during all of the time of the existence of the Gilbert Landing Road, there have been one or more gates across the road, as the petitioner and his predecessors in title might elect. The evidence does not show twenty years' continuous possession, use, and upkeep of the road as a public road at any period during the existence of the road, nor any period of even seven years' continuous possession, use, and upkeep of the road as a public road. During all of its use and travel by the public the landowners, over and through whose property the road runs, have asserted the right to maintain gates, and the public, therefore, never acquired more than a restricted, permissive right, subject to the limitation on the use of the road by the gates of the petitioner, and his predecessors in title.

Under the rulings of this court in *Green* v. *Bethea*, supra, and *City of Blue Ridge* v. *Kiker*, 190 *Ga.* 206 (9 S. E. 2d 253), the trial judge erred in refusing to grant an interlocutory injunction.

The contention that the petitioner did not have an interest in the land sufficient to sustain his petition for injunction is without merit. Under the documentary evidence introduced, the petitioner was authorized to seek relief in a court of equity.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., not participating.*