20339. CHATHAM MOTORCYCLE CLUB, INC. *v.*
BLOUNT *et al.*

SUBMITTED JANUARY 14, 1959—DECIDED MARCH 6, 1959.

*James W. Head,* for plaintiff in error.

*William F. Braziel,* contra.

MOBLEY, Justice. ■ "If the owner of lands, either expressly or by his acts, shall dedicate the same to public use, and the

same shall be so used for such a length of time that the public accommodation or private rights might be materially affected by an interruption of the enjoyment, he may not afterwards appropriate it to private purposes." Code § 85-410.

The real issue presented by the general demurrer is whether there has been a dedication of this property to the public use as a road since there has been no acceptance of the dedication by the public authorities of Chatham County. The allegation "that the public road has been graded by workmen of Chatham County" is not sufficient to allege acceptance as a public road by the proper authorities of Chatham County. An occasional road-working of the property would not be sufficient to establish an implied acceptance by the public authorities. *Dunaway* v. *Windsor,* 197 *Ga.* 705 (10) (30 S. E. 2d 627). See also *Daniels* v. *Town of Athens,* 55 *Ga.* 609 (4), and *Hudspeth* v. *Early County,* 210 *Ga.* 386 (80 S. E. 2d 185). Nor would the allegation that said public road is shown on the map or plans of Chatham County, Georgia, as a public road but not as a county road be sufficient to allege acceptance by Chatham County authorities. The petition does not otherwise allege acceptance by the public authorities of Chatham County of this land as a public road. The plaintiff contends that without this the petition fails to state a cause of action. As to this, it is stated in 16 Am. Jur. 383, § 35: "The cases are not in accord as to the effect of general use by members of the public as constituting acceptance, the conflict being particularly sharp with reference to highways," and "The weight of authority, apart from statutes . . . is to the effect that acceptance may be predicated on user, even in the case of highways." In the early case of *Parsons* v. *Trustees of Atlanta University,* 44 *Ga.* 529, 537, after stating: "A public road may be established in two ways: 1st. By the public authorities. 2d. By immemorial usage, or dedication. In the latter case two things must be proven: 1st. The dedication. 2d. The acceptance of it by the public," the court made the observation at page 539: "Is there any user by the public? For a user, if continued for a reasonable time, would be an acceptance. The highest evidence of such user is the exercise of authority over the street by the authorities, the working of it, the treating of it

as a street by the authorities. We are very much inclined to hold that this is necessary; since, on any other rule, the power of the public authorities over the subject of streets, lanes, alleys, etc., would be not in them, but in an undefined, loose body called the public, which might make a street in spite of the lawfully constituted authorities clothed by law with jurisdiction over the subject. But it is not necessary to put this case upon that ground."

This court is definitely committed to the proposition that, to complete the dedication of land by the owner to the public use as a street, road, or highway so as to make the county or city or other political subdivision involved responsible for its upkeep and maintenance, there must be acceptance of the dedication by the proper public authorities, either express or implied. "Dedication and use by the public would not of themselves make a street a public street so as to charge the municipality with the burden of repairs and maintenance and liability for injuries sustained by reason of the defective condition of the street, unless the dedicaton is accepted by the proper municipal authorities or there is evidence of recognition of the street as a public street." *Savannah Beach, Tybee Island* v. *Drane*, 205 *Ga.* 14 (4) (52 S. E. 2d 439). "Before a municipality can acquire by dedication an easement over land, for use by the public as a street, there must be an acceptance of the dedication by the municipality." *Hames* v. *City of Marietta*, 212 *Ga.* 331(3) (92 S. E. 2d 534). In *Healey* v. *City of Atlanta*, 125 *Ga.* 736, 738 (54 S. E. 749), in holding that the defendant could not be convicted of maintenance of a nuisance in a public street in violation of a city ordinance because it was not shown that the street had ever been accepted by the public authorities of the city, the court said: "The mere use of one's property by a small portion of the public, even for an extended period of time, will not amount to a dedication of the property to a public use, unless it appear clearly that there was an intention to dedicate, and that this dedication was accepted by the public authorities, either in express terms or by implication resulting from the maintenance of a way as public in its nature."

In *Lowry* v. *Rosenfeld,* 213 *Ga.* 60, 63 (96 S. E. 2d 581), this court stated: "There are two essentials for a valid dedication of land: (1) the owner must intend to dedicate it to a public use; and (2) there must be an acceptance of it by the governing authorities for the public use to which it was dedicated." The only ruling there made, however, was that the county authorities by working the street had impliedly accepted it, citing *Hyde* v. *Chappell,* 194 *Ga.* 536, 542 (22 S. E. 2d 313), to the same effect. Neither case supports the unqualified statement that one of the essentials for a valid dedication of land is acceptance by the public authorities, since they hold only that dedication of the property as a public road could be and was accepted by the public authorities' working and exercising control over the road for a sufficient length of time to imply acceptance. See also *Mayor &c. of Sandersville* v. *Hurst,* 111 *Ga.* 453 (36 S. E. 757); *Georgia R. & Bkg. Co.* v. *City of Atlanta,* 118 *Ga.* 486 (45 S. E. 256); *Kelsoe* v. *Town of Oglethorpe,* 120 *Ga.* 951 (2) (48 S. E. 366, 102 Am. St. Rep. 138); and *Southern Ry. Co.* v. *Combs,* 124 *Ga.* 1004 (53 S. E. 508). Nor is this true under Code § 85-410; for the owner of lands may dedicate the same to public use as a road, and where it is so used for such a length of time that the public accommodation or private rights might be materially affected by an interruption of the enjoyment, he may not afterwards appropriate it to private purposes. See *Penick* v. *Morgan County,* 131 *Ga.* 385, 391 (62 S. E. 300), where this court, after recognizing this, stated: "However, the dedication of land by the owner thereof for use as a public road, and use by the public of such road as a route of travel, would not of itself make the road a public road so as to charge the county with the burden of its repair and maintenance, unless the dedication was accepted by the county authorities having jurisdiction over roads or there was evidence of their recognition of the road as a public road, showing acceptance."

Where, as here, the owner of lands expressly dedicates the same to public use as a public road, acceptance by the public by public use is sufficient to complete the dedication without acceptance by the public authorities of the county; and where the land is so used for such a length of time that the public

accommodation and private rights will be materially affected by an interruption of the enjoyment, the owner and those holding under him may not afterwards appropriate it to private purposes. "When lands are dedicated, and are enjoyed as such, and rights are required [acquired] by individuals in reference to such dedication, the law considers it in the nature of an *estoppel in pais*, which precludes the original owner from revoking it." *Mayor &c. of Macon* v. *Franklin*, 12 *Ga.* 239, 244.

The only essential elements of a valid dedication of lands to the public are: (1) an intention of the owner to dedicate to a public use, and (2) an acceptance thereof by the public. *Tift* v. *Golden Hardware Co.*, 204 *Ga.* 654, 655 (4) (51 S. E. 2d 435). "It is not essential to constitute a valid dedication to the public that the right of use should be vested in a corporate body." *City of LaFayette* v. *Walker County*, 151 *Ga.* 786 (108 S. E. 218); *Haslerig* v. *Watson*, 205 *Ga.* 668, 678 (54 S. E. 2d 413). "There is no particular form of making a dedication. It may be done in writing, or by parol; or it may be inferred from his [the owner's] acts, or implied, in certain cases, from long use. A grant is not necessary . . ."; and "Dedications of lands for charitable and religious purposes, and for public highways, are valid without any grantee to hold the fee. . ." *Mayor &c. of Macon* v. *Franklin*, 12 *Ga.* 239, 244.

The trial court properly overruled the general demurrer. There is no merit in the special demurrer and it was properly overruled.

■ There is no merit in the general grounds. There was evidence that the property owners along the Old Sheftall Road, including the defendant's predecessors in title, in 1946, gave oral permission that so much of their land as was required to widen the road from a 20-foot to a 60-foot road could be used for this purpose, and set aside and dedicated the property as a public road; that one Brewster, who owned some acreage near the end of the road and wanted the road widened so that the general public could use this road in getting to and from a race track on his place, widened the road; that it has been used continuously and openly by the public as a road since its completion in early 1947; that it has been maintained by the plaintiff and his pre-

decessor in title, Brewster, and has been scraped a few times as an accommodation by Chatham County authorities; that houses have been erected depending upon it for egress and ingress; that other valuable improvements have been made upon the property serviced by this road; and that the defendant acquired the property in controversy knowing that it was being used by the public as a part of the public road.

■ Each of the special grounds of the amended motion for new trial excepts to excerpts from the judge's charge, all of which are on the law of dedication. We have carefully examined each of the exceptions, and are of the opinion that they are without merit. The charges complained of state correct principles of law and are applicable and pertinent to the facts in this case. The ruling on the general demurrer made in the first division disposes of the complaints against the charge.

■ From the rulings in the first and second divisions on the general demurrer and general grounds of the motion for new trial, it follows that the trial court properly denied the motion for a judgment notwithstanding the verdict.

*Judgment affirmed. All the Justices concur.*