### 20629. NELSON *et al. v.* GIRARD.

MOBLEY, Justice. The plaintiffs brought their petition, as amended, in two counts, seeking a temporary and permanent injunction restraining the defendant from closing a roadway running from Ferguson Avenue in Chatham County across the property of the defendant (lot 5 of the Cedar Hammock tract) to an oyster house located on described property of the plaintiffs. The trial court temporarily enjoined the defendants from closing the road. On the trial of the case, the defendant admitted that he did not own the property lying between Ferguson Avenue and the west boundary of lot 5 of his property, and that he did not claim any right to, nor did he desire to, close, that part of the road which traversed this land. Thereupon the court withdrew this issue from consideration by the jury and submitted only the issue as to whether the defendant had a right to obstruct the road running across his land (lot 5 of the Cedar Hammock tract). On this issue the jury found for the defendant and a permanent injunction was denied. The plaintiffs' motion for new trial on the general and seven special grounds was denied, and to this judgment the plaintiffs except.

1. There is no merit in special ground one, which complained of the court's refusal to grant a permanent injunction enjoining the defendant from interfering with or closing that portion of the road which traversed the land from Ferguson Avenue to the western boundary of the defendant's property (lot 5 of the Cedar Hammock tract), which was admittedly not owned by the defendant. As pointed out by the court in its

order denying the motion for new trial, the defendant by a solemn admission in judicio during the trial of the case admitted that he had no right to close the roadway not traversing his land, and thereby estopped himself from so doing as effectively as if he had been permanently enjoined.

2. In count one, the petition alleges dedication of the road to public use and use as such by the public for more than forty-five years. "The only essential elements of a valid dedication of lands to the public are: (1) an intention of the owner to dedicate to a public use, and (2) an acceptance thereof by the public. *Tift* v. *Golden Hardware Co.*, 204 *Ga.* 654, 655 (4) (51 S. E. 2d 435)." *Chatham Motorcycle Club* v. *Blount*, 214 *Ga.* 770, 775 (107 S. E. 2d 806). "There may exist however, an implied dedication; but whether express or implied, an intention on the part of the owner to dedicate his property to the public use must be shown . . . When an implied dedication is claimed, the facts relied on must be such as to clearly indicate a purpose on the part of the owner to abandon his personal dominion over the property and to devote it to a definite public use." *Dunaway* v. *Windsor*, 197 *Ga.* 705, 707 (30 S. E. 2d 627). There is no record of any express dedication by the defendant or any of his predecessors in title of this property (roadway) to public use, and no evidence of dedication by acts, conduct, or otherwise. There was some evidence that there was limited use of the road to the Nelsons' oyster house by members of the public. However, "The mere use of one's property by a small portion of the public, even for an extended period of time, will not amount to a dedication of the property to a public use, unless it appear clearly that there was an intention to dedicate . . ." (*Healey* v. *City of Atlanta*, 125 *Ga.* 736, 738, 54 S. E. 749), and that this dedication was accepted by the public by public use. *Chatham Motorcycle Club* v. *Blount*, 214 *Ga.* 770 (1), supra. The evidence demanded a finding by the jury that there had been no dedication of the roadway to public use.

In the second count of the petition, the plaintiffs seek to prevent the obstruction of the road on the basis that it is a private way, not more than twelve feet in width, the right to which was alleged to have been acquired by prescription, based on open, continuous, and uninterrupted use under a claim of right for more than forty years. "Possession must be adverse in order to form the basis for prescription. A notable

exception exists, however, in the case of private ways. The use may originate in permission, and yet may ripen by prescription." *Kirkland* v. *Pitman,* 122 *Ga.* 256, 258 (50 S. E. 117). It was held in *First Christian Church* v. *Realty Investment Co.,* 180 *Ga.* 35 (2) (178 S. E. 303): "When the use of a private way originates by permission of the owner, prescription does not begin to run until the user notifies the owner, by repairs or otherwise, that he has changed his position from that of mere licensee to that of a prescriber"; and, further (p. 39), "The essence of the right claimed by the plaintiff to the use of the driveway is prescription; and it is fundamental that prescription is to be strictly construed, and that the prescriber must give some notice, actual or constructive, to him against whom he intends to prescribe. The gist of the requirement as to repairs is not so much the repairs as the notice which is given by the repairs . . ." Mr. Girard, the defendant in error, bought his property in 1909, and at that time the roadway was there, having been built by his predecessors in title. He testified: "By agreement, I got oyster shells from the Nelson family over the years and placed them on this road. Our agreement was that I gave them permission to come down my road, because they were flooded out on their side"; and "Our agreement was that they should maintain it and they haven't done it. I was to help put the oyster shells in the road but I wasn't to do it all myself. There hasn't been any shells put on that road in over two years. Mr. Robbie Nelson refused to give me shells to put on the road in the last two years." This agreement was made with Robert Nelson, one of the plaintiffs, and with Clarence Nelson, deceased, under whom the other plaintiffs claim. Robert Nelson testified: "Mr. Girard permitted us to use the road and we upkept it. He told us as long as we helped him with this road and gave him oyster shells for it we could use it." It is clear from this testimony that the two surviving parties to the agreement agree that the use of the road by the Nelsons was with the permission of Girard, and that the repairs were done through the years under the agreement permitting the Nelsons to use the road and to repair it. This evidence as to the agreement was uncontradicted. Accordingly, the evidence demanded a finding by the jury that the right of the plaintiffs and those under whom they claim originated by permission of the defendant, that

the continued use of the road and the repairs were by his permission, and that there was never any adverse use of the road by them. Under those conditions, no prescriptive right to the road was ever acquired by the plaintiffs. The general grounds are without merit.

3. The verdict returned by the jury being demanded by the evidence, it is unnecessary to consider the exceptions to the charge of the court. *People's Savings Bank* v. *Smith & Co.*, 114 *Ga.* 185 (4) (39 S. E. 920); *White* v. *Southern Ry. Co.*, 123 *Ga.* 353 (4) (51 S. E. 411); *Lunsford* v. *Armour*, 194 *Ga.* 53 (2) (20 S. E. 2d 594); *Fambrough* v. *Fambrough*, 210 *Ga.* 87 (2) (78 S. E. 2d 14), and cases cited.

4. The court did not err in taxing against the plaintiffs, as a part of the costs, $128 incurred in making a survey ordered by the court. Code § 23-1110 provides that when surveys are made ". . . by order of court, unless otherwise agreed upon, they are to be taxed in the bill of costs . . ." In an equity case, the court has the right to place the costs upon either of the parties, and the foregoing Code section definitely makes the cost of survey a part of the court costs. The court acted within its authority in placing the cost of the survey against the losing party.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1959—DECIDED OCTOBER 15, 1959—REHEARING DENIED NOVEMBER 4, 1959.

*Gilbert E. Johnson,* for plaintiffs in error.
*Chas. M. Debele,* contra.