22385. BURGAMY et al. v. MORRIS.

CANDLER, Justice. This litigation arose when Mrs. Morris filed a petition in the Superior Court of Washington County to enjoin M. L. Burgamy and Cecil Hodges Lumber Company from cutting and removing timber from a small area of land claimed by her. The defendant Burgamy's answer denies the plaintiff's allegations of ownership and avers that he is the

owner of the acreage in dispute. The defendant Cecil Hodges Lumber Company's answer admits that it bought timber from the defendant Burgamy on a large area of land and that it is cutting and removing such timber from the area. The real issue between the plaintiff and the defendant Burgamy is the location of the boundary lines between their respective adjacent tracts of land. The jury found in favor of the plaintiff and the exception is to a judgment overruling the defendants' amended motion for new trial. *Held:*

The evidence introduced on the trial of this case demanded a finding that the plaintiff and her predecessors in title had been in actual, adverse, exclusive and continuous possession of the land in controversy under a claim of right for at least forty years immediately before this litigation was instituted and that the defendants were cutting and removing timber therefrom; and since a verdict for the plaintiff was demanded by the evidence, any alleged errors in the charge, even if erroneous, do not require a reversal of the judgment refusing a new trial. See *Key v. Stringer*, 204 Ga. 869 (52 SE2d 305); and *Nelson v. Girard*, 215 Ga. 518 (3), 521 (111 SE2d 60).

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 11, 1964—DECIDED MARCH 5, 1964— REHEARING DENIED MARCH 18, 1964.

*Irwin L. Evans, Casey Thigpen*, for plaintiffs in error.
*Thomas A. Hutcheson, Dukes & McMillan, Walter C. McMillan, Jr., M. W. Dukes*, contra.