28856. JACKSON et al. v. McINTOSH COUNTY.

ARGUED MAY 13, 1974 — DECIDED SEPTEMBER 6, 1974.

*Walter O. Allanson,* for appellants.

GRICE, Chief Justice.

The issue in this appeal is whether an easement for a right of way was established by McIntosh County through the property of the appellants.

The complaint filed by the appellants George A. Jackson and Walter I. Allanson in the Superior Court of McIntosh County alleged in essence as follows: that they purchased certain described property on April 1, 1970, by warranty deed properly recorded and copy attached thereto; that at the time they inspected the property there was no road through it; that in the summer of 1972 they installed a barricade at the north end of the property

for a width of about 30 feet to prevent the public from driving thereon; that the McIntosh County Commissioners met on October 10, 1972, and instructed the County Road Superintendent to remove the barricade; and that as a result the barricade was removed and a roadway approximately 12 feet wide was graded through their property.

It was further alleged that this property had never been condemned and that no money had been paid them whatsoever; that they were given no notice that the roadway was to be graded and that through the acts of trespass the property had been damaged; that if the roadway were kept open there would be a continuing trespass and damage; and that since McIntosh County had no legal title or deed to the property on which the roadway was graded, appellants' right to just compensation for a private way under Art. I, Sec. III, Par. I of the Georgia Constitution was denied.

The prayers were for $1,500 damages for trespass and damage to the property and that the county be temporarily and permanently enjoined from interfering with the barricade or from further trespassing or grading of the roadway.

The county filed its answer, alleging in material part as follows: that an easement or right of way had existed for more than 25 years across the northernmost 30 feet of the property for public road purposes; that the owner of the property in 1943 had dedicated the right of way in question to the county by oral agreement as a public right of way to the Sapelo River; that he physically staked out the right of way, which was accepted by the county by cutting and grading a roadway which has been used for many years as a passageway to the Sapelo River; and that any obstruction of such roadway would be an infringement on the rights of the county and of the general public.

Upon the trial the jury found for the county and the court granted the injunctive relief sought by it. The appellants enumerate as error here (1) that the evidence did not support the verdict; (2) that the trial court erred in not allowing their title insurance policy in evidence; and (3) that the county's Exhibits 8, 9 and 10, consisting

of certified copies of plats filed in the Superior Court of McIntosh County, were inadmissible because no proper foundation for their admission had been laid.

■ The evidence amply supported the verdict.

The testimony of at least twelve witnesses clearly showed that the roadway had been used by the public for twenty continuous years and that during that period it had been graded and maintained by employees of the county as a public road. The jury also viewed the property in question. From the evidence presented, the jury was authorized to find that the land had been dedicated for use by the public as a roadway and accepted by implication from the acts of the county. Code § 85-410; *Lastinger v. Town of Adel,* 142 Ga. 321 (1) (82 SE 884); *Brown v. City of East Point,* 148 Ga. 85 (1) (95 SE 962) (one Justice absent); *Morgan v. Shirley,* 172 Ga. 727 (158 SE 581).

■ The remaining enumerations are likewise not valid.

The county never claimed that it had a deed to the property in question, relying instead on implied dedication. Therefore the appellants' title insurance policy was immaterial to any issue between the parties in this case.

The admission of the plats was not erroneous. The court merely admitted them as certified copies of the original records as they appeared in the county clerk's office. It made no ruling as to whether a proper foundation had been laid for their admission in evidence by their identification as a part of the county's chain of title to the property. Rather, a ruling as to proper foundation was deferred until further testimony could be given. No subsequent objection was made. Furthermore, the plats were, by consent of the parties, made available to the jury when they were permitted to view the property.

We find no error for any reason assigned.

*Judgment affirmed. All the Justices concur.*